### YAZOO & M. V. R. Co. *v.* BARRINGER.[*]

(In Banc. March 2, 1925.)

[103 So. 86. No. 2385.]

1. DEATH. *Declaration need not allege decedent left surviving relatives or creditors, or that relatives suffered actual damage.*

   Under chapter 214, Laws 1914 (section 501, Hemingway's Code), which provides that an action for wrongful death may be brought by the personal representative of the decedent for the benefit of certain of the decedent's relatives and his creditors, and recover such damages as the jury may determine to be just, taking into consideration all the damages of every kind due the decedent and to any and all parties interested in the suit, it is unnecessary for the declaration to allege or the evidence to disclose that the decedent left any relatives or creditors surviving; or, if he left relatives surviving him, that they suffered any actual damage because of his death.

2. DEATH. *Value of decedent's expectancy not element of damages to decedent.*

   In such an action, if it shall appear that the decedent left no relatives of the class designated in the statute, the only damage that can be recovered is that sustained by the decedent, of which, in that event, the present net value of the decedent's life expectancy is not an element.

3. DEATH. *On failure to prove actual damages, only nominal damages recoverable.*

(296)

In such an action, when no actual damages either to the decedent or any of his relatives designated in the statute have been proven, only nominal damages can be recovered unless the case is one for the infliction of punitive damages.

ETHRIDGE, J., dissenting in part.

*Headnotes 1. Death, 17 C. J., section 141; 2. Death, 17 C. J., section 197; 3. Death, 17 C. J., section 190.

APPEAL from circuit court of Quitman county.

HON. W. A. ALCORN, JR., Judge.

Action by C. C. Barringer, administrator of the estate of Charlie Dalton, against the Yazoo & Mississippi Valley Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Lowrey & Lamb, H. D. Minor* and *C. N. Burch,* for appellant.

I.   The Act of 1922 conferring certain rights of action for the death of an illegitimate is not applicable here. It was passed April 8, 1922, while the death here involved occurred February 3, 1922, and the present action was instituted February 22, 1922. The Act of 1922 will not be given a retroactive effect. *Eastin* v. *Van Dorn,* Walker 214; *Brown* v. *Wilcox,* 14 S. & M. 127; *Garrett* v. *Beaumont,* 24 Miss. 379; *Richards* v. *Lumber Co.,* 101 Miss. 691.

II.   Under the Act of 1914, chapter 214, section 501, Hemingway's Code, the only right of action for the death of an illegitimate is in favor of a child for the death of the mother or the mother for the death of the child. Under the rule of *expressio unius,* particularly where the statute is in derogation of the common law, no right of action exists for the death of an illegitimate in any other case. *Railroad* v. *Johnson,* 77 Miss. 732; *A. & V. R. R. Co.* v. *Williams,* 78 Miss. 214.

III.   The proof as to the illegitimacy of decedent is so overwhelming that no real conflict existed, and the jury

should have been so instructed. And this court should now enter such judgment as the circuit court should have done—by reversing and dismissing.

IV. Notwithstanding the great preponderance of the evidence was against the legitimacy of the decedent, the court took that question from the jury by instructing them twice that the illegitimacy of decedent was no bar to a recovery in this action. This was clearly error, for, as stated, there is no right of action under the Act of 1914, chapter 214, for the death of an illegitimate male except in his mother, and the proof here shows that decedent's mother died in 1909—thirteen years or more before the death of decedent.

V. No right of action for a wrongful death existed at common law. If such a right is claimed under a statute, it must be found within the four corners of the statute itself. *Kirkpatrick* v. *Ferguson,* 116 Miss. 885.

VI. A statute conferring a right of action for the wrongful death of an illegitimate is in derogation of the common law and must be construed strictly. *Railroad* v. *Johnson, supra; A. & V. R. R. Co.* v. *Williams, supra.*

VII. The decedent in this case left neither consort, child, parent, sister, nor brother. No debts were shown, even his funeral expenses being paid by the county and charitable citizens.

VIII. In any event no damages whatever were sustained by the remote collateral relatives of decedent and the damages, if any are allowed, should be nominal. *Burke* v. *Railroad,* 125 Cal. 369; *G. & S. I. R. R. Co.* v. *Boone,* 120 Miss. 659; 8 R. C. L., sec. 117, p. 841-2; *Jacksonville Co.* v. *Bowden,* 54 Fla. 461; *St. Ry. Co.* v. *Bordic,* (Ill.), 40 N. E. 942; *Swift* v. *Johnson* (C. C. A.), 138 Fed. 876; *Mfg. Co.* v. *Alexander,* 122 Miss. 896.

*M. E. Denton* and *F. H. Lotterhos,* for appellee.

The verdict of the jury is final and the settlement of this single point pulls the rest of the argument up by the roots, because it having been established that Charlie Dalton was legitimate and that his earning capacity was sufficient to justify the amount of the verdict, appellee would have been entitled to a peremptory instruction, appellant having admitted that his death was due to its negligence.

The court will not set aside a verdict though it believe the verdict to be contrary to the weight of the evidence. *St. Louis & S. F. R. R. Co.* v. *Bowles,* 107 Miss. 97, 64 So. 968. A verdict will not be disturbed unless there is "no evidence" on which to base it. *I. C. R. R. Co.* v. *Smith,* 102 Miss. 276, 59 So. 87. A verdict based upon conflicting evidence is conclusive. *M. & O. R. R. Co.* v. *Campbell,* 114 Miss. 803, 75 So. 554; *St. L. & S. F. R. R. Co.* v. *Moore,* 101 Miss. 768, 58 So. 471; *Thompson* v. *Poe,* 104 Miss. 586, 61 So. 656; *W. O. W.* v. *McDonald,* 109 Miss. 67, 68 So. 74; *Mardis* v. *Y. & M. V. R. R. Co.,* 115 Miss. 734, 76 So. 640; *Estes* v. *Jones,* 119 Miss. 142, 80 So. 576.

I am not yet ready to admit, however, that the administrator could not recover, even if it had been proven that Charlie Dalton was illegitimate. Under the common law, of course, there was no remedy for causing the death of a person, but beginning with Lord Campbell's Act, we have rapidly drifted away from that unreasonable doctrine. It was said by some of the judges under the common law, that it was cheaper to kill a man than merely to wound him, because damages might be obtained for the latter. We have rapidly gotten away from that, except that counsel says that if the dead man is an illegitimate, it is still cheaper to kill him than to wound him, because if he lives, he can sue you for damages. My recollection is, that Lord Campbell's Act was the law in this state for many years, but thereafter came the Acts of 1898, Acts of 1904, Laws of 1914, and then the Laws of 1922, which have extended the rights of illegitimates to bring suit in their own name if they chose.

Without discussing the question as to whether the Act of 1922 was retroactive, I think illegitimates might have sued under the Act of 1914, not in their own name, because that right was only given to mothers and children, but the right to sue through an administrator is given to all persons, including illegitimates.

Under a statute very similar to ours, it has been held that even where it is proven that there are no heirs, the administrator is entitled to recover in full and that the amount recovered shall be administered as other personal property. The court says, "the personal representative is entitled to recover damages for the wrongful taking away of life itself; and, therefore, it makes no difference whether the injured party was killed instantly or not. Nor, does it matter that the damages recovered become assets of the estate to be administered upon as other personal property of the deceased, and do not go to certain designated persons as provided in Lord Campbell's Act." *Perham* v. *Portland Gen. Electric Co.,* 33 Ore. 451, 53 Pac. 14, 72 Am. St. Rep. 730, 40 A. L. R. 779; *Anderson* v. *Wetter,* 103 Me. 257, 15 L. R. A. (N. S.) 1003; *McCarty* v. *Wood Lbr. Co.,* 219 Mass. 566, 107 N. E. 439.

Such statutes are not survival statutes depending upon the inheritance of the cause of action, but they create a new and independent right of action, not recognized at the common law. *Ohnesorge* v. *Chicago City R. R. Co.,* 102 N. E. 819; *Brown* v. *Chicago & N. W. R. R. Co.,* 152 N. W. 729, 129 Minn. 347; *Peers* v. *Nevada Light & Water Co.,* 119 Fed. 400.

I believe it is admitted by counsel, that the legitimacy of Charlie Dalton could competently be proved by members of the family who were familiar with the family history. At any rate, the authorities are clear on the point. 4 Chamberlayne on Evidence, sec. 2932; *Champion* v. *McCarthy,* 228 Ill. 87, 81 N. E. 808, 11 L. R. A. (N. S.) 1052; 10 R. C. L. 1064 etc.; 9 Ency. of Evidence 743; 10 R. C. L., sec. 141, p. 965, Note 13.

I think the argument of counsel for appellant on their contention that damages should be merely nominal, has been met fully in my argument on the facts. They show, however, that Mr. Geo. Turner, a friend of the deceased, voluntarily put up fifteen dollars to pay for the burial expenses. George was a friend of Charlie's and would have done this although he had known that Charlie had money in the bank. But there is proof that Charlie owed at least that much and it is still provable against his estate because no notice to creditors to probate their claims has been published; and it must be admitted that the administrator should collect at least this amount as well as other amounts which may yet be proved against the estate, and that there cannot possibly be any error in the instructions complained of, which informed the jury that they were not prevented from finding a verdict for appellee, notwithstanding the fact that he might have been illegitimate.

It is, also, argued that because the death was instantaneous, that appellee is not entitled to recover for pain and suffering, etc. We did not argue that we were, but the statute does say that appellee is entitled "to such damages as the jury may determine to be just, taking into consideration the damage of every kind to the decedent and all damages of every kind to all parties interested in the suit."

Argued orally by *H. D. Minor* for appellant, and *M. E. Denton,* for appellee.

SMITH, C. J., delivered the opinion of the court.

Charlie Dalton was struck and killed by one of the appellant's trains while its employees in charge thereof were violating section 4047, Code of 1906, Hemingway's Code, section 6671, and this is a suit by his administrator for the recovery of damages therefor.

Dalton left neither wife, parent, child, brother, nor sister surviving him; the suit being brought for the benefit of other collateral relatives and for the payment of

any debts he might have owed. The declaration does not allege and the evidence does not disclose that he owed any debts. He was a cripple, and in addition was able to hear and talk only to a very limited extent, because of which his earning capacity was practically nothing and he lived largely on charity. He did not live with or in the vicinity of any of his relatives and is not shown to have had any social intercourse with them.

Dalton's death occurred prior to the enactment of chapter 229, Laws of 1922, and the appellant introduced evidence that Dalton was an illegitimate child on the theory that if illegitimate he left no relatives for whose benefit damages can be recovered; but, as will herein after appear, the legitimacy or illegitimacy of Dalton's birth cannot be here material.

The court below instructed the jury for the plaintiff:

"That although they may believe from the evidence that Charlie Dalton was an illegitimate child, this is not a bar to their finding a verdict for the plaintiff."

"That although they may believe from the evidence that Charlie Dalton left no legitimate relatives surviving him, or creditors, yet if they believe that he was killed by the wrongful act or omission of the defendant as complained of in the declaration, then the jury should return a verdict for the plaintiff, notwithstanding the jury may find that he left no heirs or creditors surviving him."

"That if they find a verdict for the plaintiff, then the jury should fix the damages at such sum as the jury may determine from the evidence to be just, taking into consideration all of the damages of every kind to Charlie Dalton, himself, and all damages of every kind to any and all parties interested in the suit."

The court refused to instruct the jury for the defendant (1) to return a general verdict for it, or (2) to allow the plaintiff nominal damages only; but instructed the jury for the defendant not to allow the plaintiff punitive damages or "anything on account of physical or mental suffering endured by Charlie Dalton at the time he was killed."

The jury returned a verdict for the plaintiff for five thousand dollars, and there was a judgment accordingly.

Chapter 214, Laws of 1914 (section 501, Hemingway's Code), provides that an action for damages for wrongful death "may be brought in the name of the personal representative of the deceased person, for the benefit of all persons entitled under the law to recover," and "in such action the party or parties suing shall recover such damages as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit." After providing the order in which the damages shall be distributed among the next of kin, the statute continues:

"If the deceased have neither husband, or wife, or children, or father, or mother, or sister, or brother, then the damages shall go to the legal representative, subject to debts and general distribution, and the fact that the deceased was instantly killed shall not affect the right of the legal representative to recover."

The statute then concludes with the provision that it "shall apply to illegitimate children on account of the death of the mother and to the mother on account of the death of an illegitimate child or children," etc.

Under this statute the personal representative of an illegitimate as well as of a legitimate decedent has the right to sue for and recover damages for the decedent's wrongful death, and is charged with the duty of distributing the damages when recovered in accordance with the provisions of the statute. If the decedent left no relatives who under the statute are entitled to participate in the distribution, then the only persons who can share therein are his creditors, if any he had. The damages that can be here recovered are only such as the decedent himself suffered, for the evidence discloses that his relatives not only received no financial assistance or other benefits from him whatever, but had no expectation of ever doing so. Dalton's death was instantaneous, and it not only appears that he could not have earned any sub-

stantial amount of money had he lived out his life expectancy, but if the evidence were to the contrary, no recovery could be had therefor. *Belzoni Hardwood Co.* v. *Mrs. Nellie Cinquimani* (Miss.), 102 So. 470.

One of the appellant's contentions is that the expenses necessarily incurred in the burial of the decedent is an element of actual damage to him in an action to recover for his wrongful death. Such expenses, of course, may be included in the debts of the decedent and paid by his administrator when it become his duty under the statute to pay the decedent's debts. Whether such expenses may be taken into consideration by the jury in awarding damages for the decedent's death is not here presented for decision, for the record does not disclose that any such expenses were incurred; consequently we will express no opinion thereon.

No actual damages having accrued to the decedent, the appellee's recovery must be limited to nominal damages, 17 Corpus Juris, 1322, unless the circumstances surrounding the infliction of the injury warrant the imposition of punitive damages.

This brings us to the appellant's contention that if the jury should find that Dalton was an illegitimate, then no damages whatever, actual or punitive, or, at most, nominal damages only, should be allowed, for since Dalton is not shown to have left any creditors there would be, if he was an illegitimate, no persons to benefit by the recovery of damages. Under one of the provisions of the statute hereinbefore set forth, where the decedent left none of the relatives specifically named in the statute, the damages go to the legal representative subject to debt and general distribution. When this provision of the statute becomes operative, the damages become for all practical purposes a part of the decedent's general estate to be distributed to creditors and those entitled under the statute thereto.

Where the administrator sues for the recovery of damages sustained by his intestate which, when recovered, become a part of the estate being administered by

him, it is not necessary in order for him to recover that he show the existence of creditors or distributees, and the rule is no different here.

The holding of the court on this point under similar statutes is set forth in 17 Corpus Juris, at page 1211, as follows:

"Under statutes authorizing the action for the benefit of designated persons, no action lies unless at the time of decedent's death there are one or more of the designated beneficiaries in existence, although there is some authority to the effect that the action lies in every case where the person injured could have maintained an action for the injury if death had not ensued. Under other statutes the recovery is for the benefit of decedent's estate, either in all cases, or in default of designated beneficiaries given a prior right, and under such statutes the action will lie although decedent left neither widow, widower, child, nor next of kin, nor even creditors."

It follows from the foregoing views that the appellee should not have been permitted to recover any actual damages, but should have been limited to nominal damages only unless the case is one for punitive damages, as to which we are not in accord and we express no opinion thereon.

*Reversed and remanded.*

Etheridge, J. (dissenting in part). I dissent from that part of the opinion which says:

"No actual damages having accrued to the decedent, the appellee's recovery must be limited to nominal damages, 17 Corpus Juris, 1322, unless the circumstances surrounding the infliction of the injury warrant the imposition of punitive damages."

In my opinion the funeral expenses brought about by the wrongful killing of the decedent are actual damages to the decedent, because the estate of the decedent is charged with the expenses of the funeral, and such expenses are a preferred claim against the estate of the decedent under section 2113, Code of 1906; Hemingway's

Code, section 1761. It is not necessary for the declaration to show the actual payment of funeral expenses, nor that the administrator has incurred them before he may recover. He may sue before notice to creditors has been published, and any person may incur them, and may probate his claim therefor after the notice is published. It is not the amount actually expended that is recoverable, but a reasonable amount that may be sued for and recovered.

As I understand the authorities, funeral expenses are a part of the compensatory damages they may be recovered for the death of a party where the party entitled to sue is charged with the funeral expenses. It is the duty of the executor or administrator to pay the expenses of the last illness and the funeral expenses in preference to other claims.

In *Murphy* v. *N. Y. C. & H. R. R. Co.*, 88 N. Y. 445, the court held:

"The amount of the necessary funeral expenses is an item of the pecuniary damages suffered from the death by the party obliged to pay them, and here these expenses fell upon the plaintiff, the husband of the deceased. The action was brought for the benefit of himself and his children, and under section 11 of the act, chapter 782 of the Laws of 1867, he was entitled to receive one-third of the amount recovered, and the other two-thirds were to be divided equally among his children."

In the syllabus in the *Murphy case, supra,* it is said:

"In an action under the statute (chapter 450, Laws of 1847, as amended by chapter 78, Laws of 1870), to recover damages for negligence causing death, the necessary funeral expenses of the deceased are proper items of damages, where any of those for whose benefit the action is brought are legally bound to pay such expenses; and proof thereof is, therefore, competent."

In the case of *Petrie* v. *Columbia & G. R. Co.*, 29 S. C. 303, 7 S. E. 515, the court held to the same effect; this

suit being also a suit by an administrator for death wrongfully inflicted.

In the case of *Augusta Factory* v. *Davis*, 87 Ga. 648, 13 S. E. 577, the court said:

"The plaintiff's daughter was fifteen years of age, and was injured on the 8th day of January, 1890. She survived until the 24th day of the same month, when she died of her injuries. The action is for the loss of her labor and services, and for expenses incurred in her last illness, death and burial. The negligence of the defendant which caused the injury and consequent death was in furnishing unsafe machinery for the child to work with, she being in the employment of the defendant as a laborer in its cotton mill. This negligence was a tort and the death resulted from it. The plaintiff, according to all the better authorities, would be entitled to recover the necessary expenses incurred by him in consequence of it, and also compensation for the loss of the labor and services of his minor daughter from the time she was disabled by the injury until she died. 2 Thompson on Negl., 1272 and notes; 3 Lawson, Rights, Rem. & Pr., section 1016."

To the same effect, see *Southern Railway Co.* v. *Covenia*, 100 Ga. 46, 29 S. E. 219, 40 L. R. A. 253, 62 Am. St. Rep. 312.

In the case of *Owen* v. *Brockschmidt*, 54 Mo. 285, the supreme court of that state held that the funeral expenses were recoverable. In that case the following instruction was given the jury, objected to, and assigned for error:

"The jury are instructed, that this suit is brought by the plaintiffs for their own benefit, to recover damages allowed to have occurred to Mrs. Owen in consequence of her child's death, and not for the injury done to the child itself, and that the jury, if they find for the plaintiffs, will award such sum as they think fair and just in view of the injury necessarily resulting to plaintiffs in consequence of the child's death; and that, in estimating

these damages, they cannot allow anything to the plaintiffs on account of pain or suffering inflicted on said child, nor for the mental anguish or wounded feelings of t⁴ plaintiff, Mrs. Owen, nor anything on account of funeral expenses of the child,'' etc.

In that case the court in condemning this instruction said (54 Mo. at page 289):

''Again this instruction was erroneous in asserting that nothing was to be allowed for 'funeral expenses;' such expenses must, if anything can, be one of the most obvious and necessary injuries resulting from death.''

See, also, *Rains* v. *St. L., I. M. & S. R. R. Co.,* 71 Mo. 164, 36 Am. Rep. 459.

In the case of *Pennsylvania Co.* v. *Lilly,* 73 Ind. 252, in the first syllabus the following rule is announced:

''In an action by a parent against a railroad company, for negligently causing the death of his infant child, he is entitled to recover only for the pecuniary injury he has sustained. The proper measure of damages is the value of the child's services from the time of the injury until he would have attained his majority, taken in connection with his prospects in life, less his support and maintenance. To this may be added, in proper cases, the expense of care and attention to the child, made necessary by the injury, funeral expenses and medical services.''

In the opinion in that case, *Pennsylvania Co.* v. *Lilly,* 73 Ind. at page 254, it is held:

''It is well settled that, in an action by a parent for the death of his child, he is entitled to recover only for the pecuniary injury he has sustained, and that the proper measure of damages is the value of the child's services from the time of the injury until he would have attained his majority, taken in connection with his prospects in life, less his support and maintenance. To this may be added, in proper cases, the expenses of care and attention to the child, made necessary by the injury, funeral expenses and medical services. 2 Thompson, Negligence, 1292; Shearman & Redfield, Negligence, section 608; 2

Waits' Actions & Defenses, 477; Cooley Torts, 270; 2
Addison Torts, par. 1273; *Ohio, etc., R. R. Co.* v. *Tindall,* 13 Ind. 366.''

To the same effect, see *Mayhew* v. *Burns,* 103 Ind. 328,
2 N. E. 793; *Louisville, etc., R. R. Co.* v. *Wright,* 134 Ind.
609, 34 N. E. 314; *Southern Indiana R. R. Co.* v. *Moore,*
(Ind. App. 1904) 71 N. E. 516; *Le Blanc* v. *Sweet,* 107 La.
355, 31 So. 766, 90 Am. St. Rep. 303; *Houghkirk* v. *Delaware, etc., Canal Co.,* 92 N. Y. 219, 44 Am. Rep. 370;
*Roeder* v. *Ormsby,* 22 How. Prac, (N. Y.) 270; *Pennsylvania R. R. Co.* v. *Zebe,* 33 Pa. 318; *Pennslyvania R. R.
Co.* v. *Bantom,* 54 Pa. 495; *Missouri, etc., R. R. Co.* v.
*Evans,* 16 Tex. Civ. App. 68, 41 S. W. 80; *Citizens' R. R.
Co.* v. *Washington,* 24 Tex. Civ. App. 422, 58 S. W. 1042;
*Hedrick* v. *Ilwaco R., etc., Co.,* 4 Wash. 400, 30 P. 714;
*McCubbin* v. *Hastings,* 27 La. Ann. 713; *Meyer* v. *Hart,*
23 App. Div. 131, 48 N. Y. S. 904; *Gulf, etc., R. R. Co.* v.
*Southwick* (Tex. Civ. App.), 30 S. W. 592; *Philby* v.
*Northern Pacific Railway Co.,* 46 Wash. 173, 89 P. 468,
9 L. R. A. (N. S.) 1193, 123 Am. St. Rep. 926, 13 Ann.
Cas. 742.

In the case of *Philby* v. *N. P. Ry. Co., supra,* the court
departed from the earlier decisions in that state (Washington) and adopted the rule that the funeral expenses
were recoverable as pecuniary damages. At page 743
of 13 Ann. Cas. the court said:

''The wife's death imposes upon the husband the financial burden of funeral expenses which he must pay. At
common law he was bound to bury his deceased wife in
a suitable manner, and defray the necessary expenses
thereof if he possessed the means, 13 Cyc. 273. Such
expenses can be exactly estimated, and while in one sense
they may have ensued from the death of the wife, they
are, more strictly speaking, a financial loss resulting directly from the negligent acts of another.''

On the same page of this report (13 Ann. Cas. 743), in
the second column, the court said:

"In *Murphy* v. *New York Cent. etc., R. Co.,* 88 N. Y. 445, such an act was construed, and the court not only held that funeral expenses could be recovered, but also recognized them to be an item of pecuniary damages which only one of the plaintiffs was obliged to pay, and which were different from the ordinary damages allowed by reason of the statute."

It seems to me that nothing could be clearer than the fact that the funeral expenses flow directly, logically, and necessarily from the death, and as under our law the decedent must pay his funeral expenses out of his estate, it is a pecuniary damage to him. Whatever damages a person's estate is a damage to himself. Our statute provides clearly that the suit may be maintained by the administrator where there are none of the classes named in the statute in existence, and this suit under the very express language of the statute exists although the death was instantaneous. It is certainly a reasonable proposition to hold that a person who wrongfully inflicts death upon another should pay the expenses of his funeral.