EDWARD HINES YELLOW PINE TRUSTEES *et al. v.* HOLLEY.*

(Division A. Feb. 1, 1926.)

[106 So. 822. No. 25385.]

1. RAILROADS. *Case held for jury on theory of gross negligence as to pedestrian on track.*

Admissions of engineer and testimony of person struck by train while walking on railroad *held*, in action for his injury, sufficient to warrant submission of case to jury on theory of gross negligence in not preventing accident.

142 Miss.—16.

2. NEGLIGENCE. *Damages reduced because of contributory negligence.*
  Verdict of ten thousand dollars in action on the theory of gross neg-
  ligence for injury to man sixty-two years of age, struck by en-
  gine while walking on track, reduced by half, as proper proportion
  attributable to his contributory negligence.

*Corpus Juris-Cyc.* References: Negligence, 29 Cyc., p. 561, n. 37;
Railroads, 33 Cyc., pp. 903, n. 32, 33; 910, n. 72.

APPEAL from circuit court of Pearl River county.
HON. J. Q. LANGSTON, Judge.
Action by S. C. Holley against the Edward Hines Yel-
low Pine Trustees and others. Judgment for plaintiff,
and defendants appeal. Affirmed, with *remittitur.*

*H. C. Holden* and *T. J. Wills,* for appellants.

I. *The peremptory instruction requested by the de-
fendants should have been granted.* The appellee was a
trespasser on the railroad track of the appellants and
his injuries were due entirely to his own negligence, and
he should not have been permitted to recover damages.
The only duty owed to him by the employees on the
train of the appellants was to refrain from willfully or
wantonly injuring him if he was seen in a place of peril
and unaware of his situation. The evidence shows be-
yond dispute that the employees of the appellant did all
in their power to avoid the injury after they saw the
peril in which the appellee had placed himself by getting
off the track and then getting back on the end of the cross-
ties.
This case is controlled by the following parallel cases
from this court: *R. R. Co.* v. *Stroud,* 64 Miss. 784, 2 So.
171; *R. R. Co.* v. *Bourgeois,* 66 Miss. 3, 5 So. 629; *Dooley*
v. *R. R. Co.,* 69 Miss. 648, 12 So. 956; *R. R. Co.* v. *Lee,*
71 Miss. 895, 16 So. 349; *R. R. Co.* v. *Roberts,* 23 So.
(Miss.) 393; *R. R. Co.* v. *Arnola,* 78 Miss. 787, 29 So.
768; *Dyche* v. *R. R. Co.,* 79 Miss. 361, 30 So. 711; *Turner*
v. *R. R. Co.,* 33 So. (Miss.) 283; *Nichols* v. *R. R. Co.,*
83 Miss. 126; *R. R. Co.* v. *Jones,* 82 Miss. 710, 35 So. 193;

*Sledge* v. *R. R. Co.*, 87 Miss. 566, 40 So. 13; *McKenna* v. *R. R. Co.*, 87 Miss. 652; *R. R. Co.* v. *Ruff*, 95 Miss. 165, 48 So. 184; *R. R. Co.* v. *Latiker*, 98 Miss. 451, 53 So. 955; *Collins* v. *R. R. Co.*, 77 Miss. 855, 27 So. 837; *Strong* v. *R. R. Co.*, 65 Miss. 3, 3 So. 465; *Korter* v. *R. R. Co.*, 87 Miss. 482, 40 So. 258; *Murdock* v. *R. R. Co.*, 77 Miss. 487, 29 So. 25; *R. R. Co.* v. *McCoy*, 105 Miss. 737, 63 So. 221; *R. R. Co.* v. *Cooper*, 68 Miss. 368, 8 So. 747; *Billingsley* v. *R. R. Co.*, 100 Miss. 612, 56 So. 790; *R. R. Co.* v. *Smith*, 111 Miss. 471, 71 So. 752; *R. R. Co.* v. *Huff*, 111 Miss. 486, 71 So. 757; *R. R. Co.* v. *Adkinson*, 117 Miss. 118, 77 So. 954; *Hubbard* v. *R. R. Co.*, 120 Miss. 834, 83 So. 247; *R. R. Co.* v. *Bennett*, 127 Miss. 413, 90 So. 113; *R. R. Co.* v. *Ash*, 128 Miss. 410, 91 So. 31; *R. R. Co.* v. *Cox*, 132 Miss. 564, 97 So. 7. See also *Connally* v. *L. & N. R. R. Co.*, 4 F. (2nd Series) 539; *Schmidt* v. *R. R. Co.*, 191 Mo. 215, 90 S. W. 136, 3 L. R. A. (N. S.) 196; *Neal* v. *R. R. Co.*, 126 N. C. 634, 36 S. E. 117; 22 R. C. L. 1935, par. 181; *R. R. Co.* v. *Anderson*, 31 Am. Rep. (Va.) 750.

Taking the testimony of Holley himself and his own witnesses, we submit that their evidence shows that the injury was entirely due to the fault of the plaintiff. There could not be a case of greater negligence and total disregard of personal safety than was shown by Holley according to the plaintiff's witnesses, regardless of the testimony of the defendants.

II. *The damages allowed are excessive.* The jury awarded the plaintiff damages in the sum of ten thousand dollars which, we submit, is beyond all reason. The verdict is excessive because the injuries sustained by the plaintiff were not sufficient to justify so large an amount. The record shows that plaintiff suffered the fracture of several ribs on one side and was considerably bruised. After he had been taken to the hospital, he contracted pneumonia, but the evidence is not sufficient to show that the pneumonia was caused by the in-

jury. The only work that he did before the injury was to help his wife run a boarding house by doing the chores. We submit that this court will take judicial knowledge of the fact that boarding houses are very rarely run by men, and that it is usually the women who do the work. The plaintiff was sixty-two years of age at the time of the injury and according to his own testimony his earning power was not very great. His life expectancy is only a few years. *R. R. Co.* v. *Lane,* 46 So. 959; *R. R. Co.* v. *Price,* 72 Miss. 862, 18 So. 514; *R. R. Co.* v. *Beatie,* 95 Miss. 543, 49 So. 609; *Sea Food Co.* v. *Alves,* 117 Miss. 1, 77 So. 857; *Carver* v. *Jackson,* 82 Miss. 583, 35 So. 157; *Dominic* v. *Coal Co.* (Mo.), 164 S. W. 567; *R. R. Co.* v. *Webster* (Fla.), 5 So. 714; *Fry* v. *R. R. Co.* (Minn.), 103 N. W. 733; *Marriott* v. *R. R. Co.* (Mo.), 126 S. W. 231; *R. R. Co.* v. *Williams,* 114 Miss. 236, 74 So. 835; *R. R. Co.* v. *Garnett,* 129 Miss. 795, 93 So. 241.

The verdict should be reduced at least fifty per cent because the plaintiff failed to show injuries sufficiently serious to justify so large a verdict and because it is evident that the jury failed to diminish the damages in proper proportion to the gross negligence of the plaintiff.

*J. W. Cassidy* and *Currie & Currie,* for appellee.

I. Under the statute of this state a peremptory instruction could not be granted. Section 2, chapter 135, Laws of 1910, provides: "All questions of negligence and contributory negligence shall be for the jury to determine." The appellants submitted their case to the jury on instructions requested by them and granted by the court. See *Y. & M. V. R. R. Co.* v. *Carrol et al.,* 60 So. 1013.

II. Under the decisions of this court establishing the rule under which a peremptory instruction may be granted is the case of *Wise* v. *Peugh,* 106 So. 81, where the court held: "When peremptory instruction is

granted against plaintiff, his testimony must be given full weight with reference to the facts and circumstances and the reasonable inferences to be drawn therefrom.'' This rule, of course, applies to the testimony of the witnesses for the plaintiff and all reasonable inferences which may be drawn from their testimony. It is manifest that giving full weight to the testimony of Holley and his witnesses and to all of the reasonable inferences to be drawn therefrom, that a case of liability was established against the appellants and a peremptory instruction could not be granted. *Brenard Mfg. Co.,* v. *Baird,* 106 So. 82. See also *A. & V. Ry. Co.* v. *Kelly,* 88 So. 707; *N. O. M. & C. R. Co.* v. *Harrison et al.,* 61 So. 655; *R. R. Co.* v. *Hawkins,* 82 Miss. 211; *Jamison* v. *I. C. R. R. Co.,*. 63 Miss. 33; *G. & S. I. R. R. Co.* v. *Boone,* 82 So. 335; *Bell* v. *So. R. R. Co.,* 30 So. 821; *Laurel Mercantile Co.* v. *Mobile & Chicago R. Co.,* 87 Miss. 675; *Isabelle* v. *I. C. R. R. Co.,* 25 So. 1037; *Potera* v. *City of Brookhaven,* 95 Miss. 774; *Westbrook* v. *M. & O. R. R. Co.,* 66 Miss. 560; *R. R. Co.* v. *Harrison,* 105 Miss. 18; *R. R. Co.* v. *Hawkins,* 82 Miss. 209; *N. O. & N. R. R. Co.* v. *Jackson,* 105 So. 770; *Rauber* v. *Sundback,* 1 S. D. 268, 46 N. W. 927; *Union P. R. Co.* v. *James,* 12 U. S. App. 482, 56 Fed Rep. 1001; 6 C. C. A. 217; *Mt. Adams & E. P. Inclined Ry. Co.* v. *Lowrey,* 74 Fed. 463.

There were clean-cut issues of fact in this case, both sides of which were supported by positive and direct testimony and the case on the whole merits and all of the issues of fact therein was properly submitted to the jury on instructions far more favorable to the appellants than they were entitled to receive; and the verdict of the jury is supported by the weight of the evidence; and a peremptory instruction was impossible under the law.

III.   *The verdict was not excessive.* Holley was only sixty-two years old. Before his injuries he was a hale, hearty man. He was earning at the time one hundred dollars per month over and above his expenses. He was struck a powerful and violent blow in the back by the

train. Five or six of his ribs were broken. His shoulder was badly injured. He was injured in the head. He lay in the hospital for seven weeks and suffered the agonies of death both day and night. He was unconscious for five weeks, did not even know his own children, was unconscious of the fact that they visited him. He was emaciated. His arm and shoulder and side so completely disabled that he could not at the time of his trial wait on himself. He still suffers the most excruciating pain. He was utterly incapacitated to do any sort or work. He was an object of charity, living with his children. The jury saw him. They listened to his testimony. They observed his actions and movements in the court. They saw the marks of injury, pain and suffering upon him. It was the exclusive province of the jury to assess his damages. The record is clean. There is in it no mark or evidence of partiality, prejudice, bias, fraud or corruption. It is free from all taint, and we submit, is amply justified by the testimony. It is not unreasonable. It is not excessive.

Argued orally by *H. C. Holden,* for the appellants, and *J. W. Cassidy,* for the appellee.

COOK, J., delivered the opinion of the court.

The appellee instituted suit in the circuit court of Pearl River county against the appellants for personal injuries sustained by him by reason of the alleged negligence of appellants. The jury returned a verdict in favor of the plaintiff for ten thousand dollars, and from the judgment entered in pursuance thereof this appeal was prosecuted.

The appellee was injured while walking along the tracks of the Mississippi Southern Railroad, which is owned and operated by the Edward Hines Yellow Pine Trustees. He lived at Nortac, a sawmill settlement located on the line of this railroad a short distance north

of the town of Barth. In going to and from Barth it was customary for the people residing at Nortac to walk along the railroad track, as there was no other convenient walkway. About the time a south-bound local train was due at Nortac, the appellee started down the 'railroad track toward Barth, and after he had proceeded several hundred yards he was struck by this train and severely injured. The appellee testified positively that he did not leave the track at any time before he was struck, and that he did not hear a whistle or other warning signal, and that he was not aware of the fact that the train was approaching until he was struck. Witnesses for both the appellants and appellee testified that the whistle was blown when the train was approaching the signal board north of Nortac. This was five hundred or six hundred yards from the place where, the appellee was injured. The engineer and other witnesses for the appellants testified that the whistle was blown as a signal of warning after the train passed Nortac and as it approached the appellee. Numerous witnesses for the appellee testified that no such warning signal was given. The engineer and other witnesses for the appellants testified that the train was slowed down as it approached the appellee, and that after the warning blasts of the whistle the appellee stepped off the track to a place of safety on the left side of the track, and that he then released the brakes of the train and picked up speed, and, as the train approached the appellee, he suddenly stepped back onto the track immediately in front of the moving train, and that it was then impossible to avoid striking him.

The appellee's testimony is positive that he did not at any time get off the track. The jury adopted the appellee's theory of the case, and, viewing the testimony most favorably for the appellee, it shows that the engineer saw the appellee walking on the track in a place of peril, apparently unaware of the danger, and that he did not sound an alarm or use other precautions to prevent the

injury. The engineer admits that he was continuously on the lookout, and that he saw the appellee on the track when the train was five hundred or six hundred yards away from him, and that if he had seen him at the place where the appellee testifies he was walking he would have recognized his danger and could have stopped the train and prevented the injury. Upon these facts we are unable to distinguish this case from that of the *A. & V. Railroad Co.* v. *Kelly*, 126 Miss. 276, 88 So. 707, and we think the admissions of the engineer, with the testimony of the appellee, were sufficient to warrant the submission of the case to the jury.

The appellants were granted instructions directing the jury to return a verdict for the defendants "if they believed from the evidence that the sole proximate cause of the injury to the plaintiff was his own negligence in walking on the railroad track," and, "unless they believed from the evidence that the defendants were guilty of such gross negligence as to amount to willfulness and wantonness in striking the plaintiff with the locomotive." They also secured an instruction informing the jury that the plaintiff was guilty of negligence in walking down the railroad track at the time the local train was due, and that, in the event they found that the defendants were guilty of negligence authorizing a recovery, they should reduce the amount of damage allowed in the proportion that the plaintiff's negligence bore to the negligence of the defendants, and the appellants contend that the jury failed to apply this instruction and reduce the damages in proportion to the negligence chargeable to appellee, and that the damages allowed by the verdict of the jury are grossly excessive. The testimony in this record undoubtedly establishes that the appellee was seriously injured, and that he suffered intense pain as a result of his injuries. At the time of his injuries he was sixty-two years of age, and was assisting his wife in running a boarding house which netted about one hundred dollars per month. Several of his ribs were broken, and he was

otherwise bruised and injured about his shoulder and head, and, while there was no testimony showing that these injuries were necessarily permanent, he was still incapacitated to perform any sort of labor at the time of the trial in the court below, and if there was not involved the question of contributory negligence, we would not disturb the award of ten thousand dollars damages. We think, however, that this amount would cover full damages recoverable for the injury inflicted. The appellee was grossly negligent in walking down the railroad track for several hundred yards, at a time when he knew a train was due, without looking, listening, or taking any sort of precaution for his safety, and we think the negligence properly attributable to appellee was sufficient to reduce the amount of the verdict at least one-half.

Consequently, if the appellee will remit five thousand dollars of this judgment, the cause will be affirmed; otherwise it will be reversed and remanded.

*Affirmed, with remittitur.*