## YOUNG v. COLUMBUS & G. RY. CO.

(Division B. April 10, 1933.)

[147 So. 342. No. 30564.]

Loving & Critz, of West Point, for appellant.

**Owen & Garnett,** of Columbus, and **A. F. Gardner,** of Greenwood, for appellees.

**Griffith, J.,** delivered the opinion of the court.

On the 13th day of December, 1930, about noontime, Perry Young, a colored man, sixty years of age, was walking upon the track of appellee railroad company near what is termed in the record as mile post 39, and was there killed by being run over by the train of appellee company presently to be mentioned. This mile post is approximately seventy yards east of a public crossing. The deceased was going west, and was being followed by a long freight train drawn by two locomotives; such a train being commonly called a double-

header. The train was maintaining a speed of about twenty-five miles per hour. The engineer of the head locomotive, according to his testimony, saw the deceased when the latter was about two hundred fifty yards ahead of the train. The engineer says that he had already given the whistle signal for the crossing, and that the bell was continuously ringing. The engineer says that he went one hundred yards further after seeing the deceased walking on the track, and that, when the train was within one hundred fifty yards of the deceased, the whistle was blown again, whereupon the deceased instead of getting off the track started running ahead of the train and upon the track. The engineer says further that, when it became apparent that the deceased was probably not going to get off the track, another whistle signal was blown, this signal being such as to order the engineer on the second locomotive "to lap his brakes," and that as soon as this was done the emergency brakes were applied and all other efforts possible were taken to stop the train, but, because of the length and weight of the train, there was a failure to bring the train to a stop before it reached the deceased, although when the locomotive struck the deceased the speed had been diminished to about six miles per hour. Appellant, as administrator of the estate of the deceased, brought suit under the statute, section 510, Code 1930, to recover actual and punitive damages. On the trial, a peremptory instruction for the railway company was granted by the court, and the administrator has appealed.

The testimony given by the engineer was corroborated by several other witnesses. On the part of the plaintiff, however, there was one eyewitness who saw the deceased at the time he was struck, and which witness, according to his testimony, was in a position to see and hear all that was done. This witness swore positively that no signals were given, except that just as the train reached the deceased three short blasts of the whistle were

sounded and that the deceased thereupon immediately made an effort to get off the track, but that the warning to him was so late that he failed to get entirely out of the way of the locomotive, and was run over and instantly killed. Other witnesses for appellant corroborate in some measure the testimony of the witness last mentioned, and some of these witnesses testify that no bell was ringing on either of the locomotives.

Thus there was a sufficient dispute or conflict in the evidence upon a material and controlling issue to require that issue to be submitted to the jury. Mobile & O. R. Co. v. Johnson (Miss.), 141 So. 581, 582. It is admitted by the appellee railway company that its head engineer saw the deceased walking upon the tracks ahead of the train and going in the same direction, when the train was at a distance of two hundred fifty yards from the deceased; and, although the deceased was a trespasser upon the tracks of the railway company, it is the settled law in this state that, if the engineer after becoming aware of the presence of the trespasser does nothing to warn him by sounding the whistle, and by taking such other reasonable action as would save the trespasser from death or serious injury, the railway company is liable as for a wanton or willful injury. The witness or witnesses for appellant so assert; namely, that the railroad company sounded no alarm, and took no other appropriate action until too late to be of any effect. Fuller v. Illinois C. R. Co., 100 Miss. 705, 56 So. 783; Edward Hines Yellow Pine Trustees v. Holley, 142 Miss. 241, 106 So. 822; Alabama & V. R. Co. v. Kelly, 126 Miss. 276, 88 So. 707; New Orleans, M. & C. R. Co. v. Harrison, 105 Miss. 18, 61 So. 655; Yazoo & M. V. R. Co. v. Daily, 157 Miss. 3, 127 So. 575; Illinois C. R. Co. v. Mann, 137 Miss. 819, 102 So. 853; Yazoo & M. V. R. Co. v. Lee, 148 Miss. 809, 114 So. 866; Jamison v. Illinois C. R. Co., 63 Miss. 33.

Appellee contends, however, that the peremptory instruction was proper because no damages were proved as resulting to the plaintiff on account of said death. If it be conceded, for the sake of the argument, that no actual damages were shown, nevertheless, if the state of facts which the appellant's witness undertook to establish be true, appellant is entitled at least to nominal damages, and to have submitted to the jury the question of punitive damages. Yazoo & M. V. R. Co. v. Barringer, 138 Miss. 296, 304, 103 So. 86.

Appellee urges also that the amended declaration placed the cause of action solely upon the allegation that the railway company had violated the statute requiring warnings at the approach of a public crossing, section 6125, Code 1930, and appellee calls attention to the fact that it is only when the injury occurs at a crossing that this statute may be invoked. Skipwith v. Railroad Co., 95 Miss. 50, 48 So. 964; Yazoo & M. V. R. Co. v. Cox, 132 Miss. 564, 97 So. 7; Gulf, M. & N. R. Co. v. Hardy, 151 Miss. 131, 117 So. 536, 61 A. L. R. 1073. And thus, as we understand the contention, it is that there is a variance between the cause of action stated in the declaration and that which was sought to be made out by appellant's proof and upon which latter theory appellant now stands rather than upon the theory stated in the amended declaration. The notices filed by the railway company under its plea of general issue show that the company was aware that the case was actually to proceed upon the common-law liability for failure to give warning to a trespasser on its tracks after the railway company had become aware of the danger; and the entire course of the trial shows that the railway company was in no way surprised or misled by the declaration.

It is said in 49 C. J., page 810, that "modern authorities hold that no variance between the allegations of a pleading and the proof offered to sustain it shall be

deemed material if the adverse party is not surprised or misled to his prejudice in maintaining his action or defense upon the merits. Statutes sometimes expressly so provide." And our statute, section 568, Code 1930, exactly so provides. No demurrer was interposed to the amended declaration, nor was there any objection to the testimony on this specific ground. See annotations under section 568, Code 1930; also Yazoo & M. V. R. Co. v. Daily, supra, at page 12 of 157 Miss., 127 So. 575.

Reversed and remanded.