CARTER *v.* STATE.

May 10, 1954

No. 39173          64 Adv. S. 9          72 So. 2d 231

*J. Hoy Hathorn,* Louisville, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

112

ROBERDS, P. J.

Carter was indicted for the murder of Alton Woods. The jury convicted him of manslaughter and recommended the mercy of the court. He was sentenced to five years in the state penitentiary.

He says the evidence does not support the verdict. It is, in substance, this: He had suspected that Woods was endeavoring to be intimate with his wife. He owned a twenty-two rifle. He took this rifle to the gasoline station owned by Mr. Houston Shumaker, on whose property appellant was a tenant. At this station he "blew out" the rifle by use of an air compressor. He bought from Mr. Shumaker two boxes of shells for use in this rifle. He then left Mr. Shumaker's place of business walking towards his home, carrying the rifle and shells. This was a little after sundown May 24, 1953. Upon arrival at home he placed the rifle in a rack above the door and went to his barn to do some chores. On returning from the barn and entering his home, he found Woods in the act of sexual intercourse with his wife. He procured the rifle and shot Woods some seven or eight times. One witness said appellant told him he shot some sixteen or seventeen times, using all of the cartridges in the rifle except one. Another testified he shot twenty-two times. In any event there were some seven or eight

bullet wounds in the body of Woods. He also struck Woods a hard blow over the head with his rifle, breaking the stock from the barrel. Apparently, Woods died immediately. Appellant reported what he had done. There is no dispute as to the facts. Appellant offered no proof. There is no claim of self-defense. As stated, the jury found him guilty of manslaughter. Of course, the foregoing facts justify that verdict. Indeed, it is an appropriate verdict under the facts. In Denham v. State, 218 Miss. 423, 67 So. 2d 445, this Court said: "In Reed v. State, 62 Miss. 405, it was recognized as the law that, if a man catches his wife in adultery with another man and then and there slays her paramour, the provocation is so great that it extenuates his crime from murder to manslaughter; but if he does not slay the adulterer on the spot, but afterward, when sufficient time has elapsed for passion to cool, the killing, instead of manslaughter, is murder."

Appellant urges that his motion for a directed verdict should have been sustained under the rule announced in Weathersby v. State, 165 Miss. 287, 147 So. 481, and cases following it, such as Pitts v. State, 211 Miss. 268, 51 So. 2d 448. That rule is where defendant or his witnesses are the only eye-witnesses to the homicide, their version, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses, or by the physical facts, or by the facts of common knowledge. But the rule has no application to the facts of this case. Appellant did not testify nor did he offer any other witnesses. Boatman v. State, 51 So. 2d 784 (Miss.). Besides, his version of what happened, as told by him to others, who were used by the State as witnesses, justified the verdict the jury returned in this case. Indeed, there were physical facts supporting the verdict. Deceased was badly beaten in the head; he had a number of bullet holes in his back, and, as stated, appellant does not claim he was in any danger, real or apparent, at the hands

of deceased. His entire defense rests upon justification for his act because apparently Woods and his wife were in the act of sexual intercourse.

Appellant says he was justified in killing Woods because Woods was in the act of raping his wife. That is not his version. It is true that when others appeared at the scene the wife was on the bed drunk, but appellant does not claim Woods was raping her. He told Ernest Carter "* * * he caught him on his wife and he shot him." Mr. Houston Shumaker testified "He told me when he got home that he found Alton Woods and his wife lying in the floor, said his wife had her hand out in the door, plumb out in the hall, and said Alton was getting up off his wife and that he shot him." Paul Gene Carter testified: "He told me when he got home that he found Alton Woods and his wife lying in the floor, said that his wife had her hand out in the door, plumb out into the hall, and said Alton was getting up off of his wife and that he shot him." He told Wayne Miley, highway patrolman, he found "* * * Alton on his wife and he emptied his gun and shot as many times as it would shoot and then hit him over the head with it." We find no merit in this contention.

■■ Appellant urges that the trial judge should have sustained his motion for a new trial, the principal ground, other than points covered in detail in this opinion, being this: He had told Peterson, the sheriff, that on reaching his home he first placed his rifle in the rack, did chores at his barn, returned to the house and did the shooting. In his motion he says he had changed that statement to this witness, telling him he intended to place the rifle in the rack and do the barn chores, but did not do it, and that he did the shooting immediately on reaching his home, and the sheriff knew he had changed his statement as related to that witness. There are three answers to the contention: First, the sheriff, as a witness when the motion was being heard, testified appellant made no such correction to him; second, if appel-

lant made such correction he knew it when the trial was being had and Mr. Peterson was testifying in the first instance, and he could have asked Mr. Peterson whether he had later changed the statement to him, but the question was not asked the witness at that time; and, third, we see little, if any, difference in effect whether he shot Woods after returning from the barn, or he merely intended going to the barn and didn't do it and shot Woods immediately on arrival at his home.

Appellant was refused an instruction invoking the rule in the Weathersby case. As above shown the rule is not applicable to the facts of this case.

Appellant was refused some other instructions which he requested. We have examined all of them. We deem it unnecessary to set them out in detail. Appellant was granted fifteen instructions setting forth every right and conceivable defense to which he was entitled.

Appellant says he was justified in killing Woods under Section 2218 (f), Miss. Code 1942. That section provides that the killing of a human being is justified "When committed in the lawful defense of one's own person or any other human being, where there shall be reasonable ground to apprehend a design to commit a felony or to do some great personal injury, and there shall be imminent danger of such design being accomplished." The section has no application to the facts of this case. As stated, there is no claim here of self-defense, nor does the evidence show that Woods was about to commit a felony. However, appellant obtained an instruction submitting to the jury the question whether or not Woods was attempting to rape his wife, although there is, in fact, no testimony to establish that fact. The trial judge was generous to the defendant. He got the benefit of the "unwritten law."

The fact is appellant was legally guilty of manslaughter under his own statements. Section 2226, said Code.

Affirmed.

*Lee, Arrington, Ethridge* and *Gillespie, JJ.*, concur.