ARK. LA. GAS CO. *v*. LAWRENCE

5-3534                                            389 S. W. 2d 431

Opinion Delivered April 26, 1965.

*Cole & Scott,* for appellant.
*No brief filed* for Appellee.

JIM JOHNSON, Associate Justice. This condemnation appeal involves the admissibility of a plat or survey.

Appellant Arkansas Louisiana Gas Company filed its complaint in Hot Spring Circuit Court on June 4, 1963, against appellees Margaret and T. F. Lawrence seeking to acquire a fifty foot easement for a pipeline across appellees' property. Appellant deposited $176 into the registry of the court. The case was tried to a jury on June 29, 1964, and the jury returned a verdict for appellees in the sum of $800.00.

At trial one of the appellees testified that they owned a twenty acre parcel of land (which the gasline easement crosses) and that he contemplated using the property for a housing project. He introduced a plat of the twenty acre tract, made by someone not called as a witness, showing the property laid out in 52 lots. Appellant's objection to the introduction of the plat was overruled by the trial court. On this point appellant has appealed, urging that the court erred in permitting the introduction into evidence of an unauthenticated private plat. Appellee's testimony about value of the individual lots, which was clearly not admissible (*Arkansas State Highway Commission v. Watkins*, 229 Ark. 27, 313 S. W. 2d 86), was not objected to.

It is not necessary for us to decide whether appellee could have authenticated a plat without testimony of the maker. Maps or plats of subdivisions have properly been admitted into evidence in condemnation cases (*Arkansas State Highway Commission v. O. & B., Inc.*, 227 Ark. 739, 301 S. W. 2d 309; *Arkansas State Highway Commission v. Witkowski*, 236 Ark. 66, 364 S. W. 2d 309) for certain purposes, where a subdivision is *in esse* at the time of the taking. In the case at bar, however, appellee admitted on cross-examination that the man who surveyed his property staked each corner of each lot, but the stakes were no longer there, that the plat had never been filed [Ark. Stat. Ann. § 17-1201 *et seq.* (Supp. 1963)], the road shown on the plat had not been dedicated or, apparently, even built, and certainly there was no evidence that any lot had ever

been offered for sale. Thus, no subdivision existed. The plat, showing lots, was not a fair representation of the property at the time of the taking. *Howell* v. *Baskins,* 213 Ark. 665, 212 S. W. 2d 353; *Sanders* v. *Walden,* 214 Ark. 523, 217 S. W. 2d 357. As said in 32 C.J.S., Evidence, § 730, p. 1050:

"Generally, a map . . . must be accurate in order to warrant its admission, that is to say, the paper must correctly represent the situation as it existed at the time under consideration; and a diagram showing a hypothetical condition and not shown to represent any condition actually existing, . . . is not admissible."

For the error in the introduction of the plat, the case is reversed and the cause remanded for a new trial.