Wiley Lee Baker et al *v.* Mrs. C. L. Matthews

5-4040                                    408 S. W. 2d 889

Opinion delivered December 5, 1966

*Ike Allen Laws Jr.* and *Mobley & Bullock,* for appellant.

*James K. Young* and *Robert J. White,* for appellee.

Ed. F. McFaddin, Justice. When the plaintiffs rested their case the Trial Court directed a verdict for the defendant, and from that judgment of dismissal the appellants prosecute this appeal. At the outset, we mention our well known rule that in such a situation we view the evidence in the light most favorable to the party against whom the verdict was directed. *Baratti* v. *Koser Gin Co.,* 206 Ark. 813, 177 S. W. 2d 750; *McCollum* v. *Graber,* 207 Ark. 1053, 184 S. W. 2d 264; *Dolly Parker Motors, Inc.* v. *Stinson,* 220 Ark. 28, 245 S. W. 2d 820; and *Ben Pearson, Inc.* v. *The John Rust Co.,* 223 Ark. 697, 268 S. W. 2d 893.

The plaintiffs-appellants are Wiley Lee Baker, a minor, by his father and next friend, Lee R. Baker; and Lee R. Baker, individually. The defendant-appellee is Mrs. C. L. Matthews. On the date of the traffic mishap (March 27, 1964) Wiley Lee Baker was a minor, 15 years of age, and was riding his motor scooter south on Boston Street in Russellville, Arkansas; and Mrs. Mat-

thews was driving her automobile east on "K" Street in said city. At the intersection of "K" Street and Boston Street there was a collision between the automobile and the motor scooter; and Wiley Lee Baker received serious and painful injuries. This action was filed by the minor and his father claiming that the traffic mishap was the direct result of the negligence of Mrs. Matthews. She denied all liability and the cause proceeded to a jury trial.

Neither side seems to have introduced evidence as to which street in Russellville had the right-of-way over the other, or as to any regulation of speed of vehicles on these particular streets. Wiley Lee Baker (supported in some respects by other witnesses) testified that he was proceeding south on Boston Street at a speed of 25 miles per hour; that Mrs. Matthews was coming from the west on "K" Street at a rapid speed; that he "tilted" his motor scooter to the left in an effort to avoid the collision; that nevertheless the left front bumper of Mrs. Matthews' car struck the right side of the motor scooter. The boy's right leg was severely injured, and the damage was to the right side of the motor scooter. The boy was thrown southeast, and the motor scooter was thrown northeast. The boy testified:

"Q.  Now, is it true that the car hit you, or that you slid into the side of the car?

"A.  The car hit me.

"Q.  You're positive of that?

"A.  Yes, sir."

One of the City Policemen of Russellville who investigated the traffic mishap was called by the plaintiff and he testified that he talked to Mrs. Matthews at the scene of the mishap shortly after it occurred; and here is the germane portion of such testimony:

"Q.  Now, Mr. Ferguson, did you talk with either

of the parties there at the scene of this accident?

"A. I talked with Mrs. Matthews and her daughter.

"Q. Did Mrs. Matthews make any statement to you concerning the accident, or whether she saw the boy prior to the accident?

"A. Yes, sir.

"Q. What did she say specifically?

"A. She said that as she approached the intersection, the closer she got the more she wondered if the boy was going to stop or not.

"Q. Did she state whether or not she saw the boy?

"A. Yes, she said she saw the boy coming.

"Q. And then what?

"A. That the closer she got to the intersection the more she wondered if the boy was going to stop or not."

There was some evidence that the motor scooter ran into the side of the Matthews car about the left front hubcap. The motor scooter was introduced in evidence as an exhibit and has been brought to this Court, and an examination of the motor scooter shows that it was struck on the right side and that it did not run head-on into the automobile.

Further detailing of the evidence is unnecessary. The question to be decided was which party was negligent, and if both were negligent then which was the more negligent. Such is the effect of our comparative negligence statute, as found in Ark. Stat. Ann. § 27-1730.1 *et seq.* (Repl. 1962). We have unanimously concluded that it was the province of the jury to determine

the negligence, if any, or degree of negligence of each of the parties.

The judgment is reversed and the cause is remanded.