STATE of Missouri ex rel. Marion ELLIS, Individually and as Executrix of the Estate of Gordon Ellis, Relator,

v.

The Honorable Harry J. STUSSIE, Judge of the Circuit Court of St. Louis County, Missouri, Division Number 2, Respondent.

No. 58642.

Supreme Court of Missouri, En Banc.

Nov. 12, 1974.

G. Carroll Stribling, Randolph E. Schum, Fordyce, Mayne, Hartman, Renard, Stribling & Boedeker, St. Louis, for relator.

Paul E. Kovacs, Carter, Brinker & Doyen, Clayton, for respondent.

SEILER, Judge.

Relator's decedent was killed on September 12, 1973 in an automobile collision. At that time Sec. 537.090, RSMo 1969 V.A.M.S. was in effect and provided that no recovery in a wrongful death action could exceed $50,000. When relator filed suit however, Sec. 537.090 had been repealed, and a new statute eliminating the dollar limitation was enacted in its place, Sec. 537.090, RSMo 1973, V.A.M.S. Relator's petition requested damages in the amount of $500,000; the defendant filed a motion to strike the figure prayed for.

Upon argument of the motion, respondent circuit judge indicated he would sustain the motion at a future date unless prohibited. Relator filed a petition for writ of prohibition in the court of appeals, St. Louis district, which was denied. Relator then filed her petition in this court, which issued a preliminary writ; relator now seeks to make the writ absolute.

The question whether new Sec. 537.090 is to be applied retrospectively was decided in State ex rel. St. Louis-San Francisco Ry. Co. v. Buder, 515 S.W.2d 409 (Mo. banc 1974) announced this same date. In that case we prohibited another circuit court from overruling a motion to strike the amount in excess of $50,000, holding that the new statute was not to be applied retrospectively. That decision is controlling here and the preliminary writ of prohibition is quashed.

All of the Judges concur.