Annie WILLIAMS, Individually and
as Administratrix, et al *v.* Fondville
L. CARR & POWELL BROTHERS
GIN & LAND COMPANY

77-242                                        565 S.W. 2d 400

Opinion delivered April 24, 1978
(In Banc)
[Rehearing denied May 30, 1978.]

*Hale, Fogleman & Rogers* and *J. B. Cobb*, Memphis, Tenn., for appellants.

*Rieves, Rieves & Shelton* and *Reid, Burge & Prevallet*, for appellees.

GEORGE HOWARD, JR., Justice. The question presented for review is whether the jury's verdict is sustained by substantial evidence which found that the decedents and appellee, Fondville L. Carr, were equally guilty of negligence in the same degree, thus resulting in the dismissal of the wrongful death actions instituted by the personal representatives of the decedents.

## FACTS

On October 22, 1974, at approximately 12:15 a.m., decedents, Vera Walker Joyner and Helen Walker, were passengers in a pickup truck owned and driven by Walter Turner[1] in an easterly direction on Interstate Highway 55 enroute to Memphis, Tennessee. While the pickup truck was proceeding on the Rock Island Overpass in Crittenden County, Arkansas, the pickup truck was involved in an accident with a 1966 Pontiac station wagon. As a consequence, the station wagon came to rest across the westbound traffic lane causing the westbound traffic to back up in the direction of Memphis, while the pickup truck came to rest across the eastbound lane causing the traffic to back up in the direction of West Memphis, Arkansas.

While the decedents were in the process of discussing the accident with representatives of the Arkansas State Police near the pickup truck, appellee, Fondville L. Carr, while operating a 1966 Rio tractor-trailer unit in the westbound lane, crossed the median striking decedents and killing both of them.[2]

---

[1]The decedents and Walter Turner were residents and citizens of Shelby County, Tennessee, and the pickup truck was licensed and registered in Tennessee.

[2]Appellee is a resident and citizen of Tennessee and the truck that he was operating is licensed and registered in Tennessee.

Appellants instituted a wrongful death action against appellee and Powell Brothers Gin & Land Company of Memphis, Tennessee, the alleged employer of Fondville L. Carr, for compensatory damages in the sum of $750,000.00 and punitive damages in the sum of $150,000.00.

The case was tried to a jury. Among other things, the following interrogatory was submitted to and answered by the jury:

"4. Using 100% to represent the total responsibility for the occurrence, apportion responsibility between the parties whom you have found to be responsible. Answer: Fondville Carr — 50%; Helen Walker — 50%.

"a) Using 100% to represent the total responsibility for the occurrence, apportion the responsibility between the parties whom you have found to be responsible. Answer: Fondville Carr — 50%; Vera Walker Joyner — 50%."[3]

The trial court directed a verdict in behalf of appellee on the issue of punitive damages and involving the question whether Fondville L. Carr was an agent, servant or employee of Powell Brothers Gin & Land Company.

On February 14, 1977, the trial court entered its judgment pursuant to the jury's verdict dismissing appellants' action.

On March 4, 1977, appellants presented their motion for a new trial which was denied by the trial court.

APPELLANTS' CONTENTIONS FOR REVERSAL

I. It was error to direct a verdict on the issue of punitive damages.

II. The trial court erred in submitting to the jury the issue of whether decedents were guilty of negligence

---

[3]The jury found that the estates of the decedents should recover a sum of $967.70 each. Apparently, this was the cost of the funeral expense for each decedent.

which was a proximate cause of the accident.

III. The verdict of the jury apportioning negligence which was a proximate cause of the accident was not supported by any substantial evidence.

IV. The trial court erred in failing to direct a verdict that appellee Fondville Carr was guilty of negligence which was a proximate cause of the accident.

V. The trial court erred in giving an instruction of sudden emergency.

VI. The trial court erred in failing to instruct the jury in accordance with the United States Department of Transportation Regulation 391.41(a) prohibiting one from driving a motor vehicle unless he is physically qualified to do so.

VII. The trial court erred in refusing to allow rebuttal evidence of Arkansas Highway Department blueprint of Rock Island Overpass.

VIII. The trial court erred in not applying the Tennessee Law on measure of damages for wrongful death.

IX. The trial court erred in allowing a funeral home director to testify as an expert witness on the issue of what is more than normal grief.

X. It was error to allow expert witness to testify in view of violation of discovery request for names of witnesses.

XI. The trial court erred in refusing to grant a new trial because of inadequacy of damages.

XII. It was error to direct a verdict that appellee Fondville Carr was not an agent, servant or employee of appellee Powell Brothers Gin & Land Company.

## THE DECISION

The points asserted by appellants for reversal will be discussed in seriatim:

### I.

We are persuaded that the trial court was correct in directing a verdict in behalf of appellee-defendant on the issue of punitive damages. Therefore, the trial court is affirmed on this contention.

In *Williams* v. *Walker*, 256 Ark. 421, 508 S.W. 2d 52, we held that the recovery of exemplary damages is dependent upon the recovery of actual damages. The jury found that decedents and appellee were equally at fault, consequently, there was no recovery for actual damages by appellants-plaintiffs.

### II.

We are convinced that appellants' second contention has merit. The trial court should have held as a matter of law that decedents were not guilty of negligence which was a proximate cause of the incident resulting in their untimely deaths. Consequently, we reverse the trial court's action in submitting this question to the jury.

It is clear from the evidence that the decedents were following the instructions and directions of the Arkansas State Police at the time decedents were struck and killed by the truck driven by appellee, Fondville L. Carr. Moreover, the evidence reflects that decedents were standing at the only available and safest place at the time of the incident.

The evidence also reflects that Kim Wegner who was operating a truck in the westbound traffic lane, stopped his vehicle in the vicinity of the first accident, put his four-way flashers on and ran back in the direction of Memphis and placed flares on a crest in the westbound traffic lane in order to warn approaching vehicles of the existing emergency. After the state police arrived, Kim Wegner obtained additional flares from the police and placed them on the crest.

Kim Wegner testified that after Fondville L. Carr's truck had crossed the median and entered the eastbound traffic lane and struck the decedents, he (Kim Wegner) and the state police observed that the flares were still burning in the westbound lane.

Fondville L. Carr testified that he got up the morning of October 21, 1974, at 7:00 o'clock a.m. and reported to work; that he had had only "3 or maybe 3 1/2" hours of sleep in the "cab" of his truck between the time he reported for work and the time of the accident which occurred shortly after midnight. It is clear from the record that all other motorists in the westbound lane observed the flares and brought their vehicles to a stop in line with the backed up traffic.

We deem it unnecessary to discuss appellants' contentions III and IV in view of the position the Court has taken in contention II.

## V.

We conclude that the trial court erred in giving an instruction on sudden emergency to the jury. The record does not support a finding that appellee, Fondville L. Carr, was faced with an emergency. Moreover, one has to be free of negligence in order to be entitled to an instruction of sudden emergency. In other words, one may not create an emergency by his own action and then seek to take advantage of the situation by requesting an instruction on sudden emergency.

## VI.

Relative to this contention, we conclude that on a retrial of this cause, provided a request is made, an instruction pertaining to Regulation 391-41(a) of the United States Department of Transportation should be granted. We cannot visualize any prejudice resulting from the admissibility of this regulation.

## VII.

We hold that the blueprint of the Rock Island Overpass prepared by the Arkansas Highway Department is admissi-

ble and, accordingly, the trial court committed error in refusing to admit this document. It is clear from the evidence that the overpass was constructed pursuant to the offered blueprint and that there had not been any alterations or changes in the structure; consequently, the blueprint was a correct mechanical drawing of the overpass at the time the accident occurred. *See: Ark. La. Gas Co.* v. *Lawrence,* 239 Ark. 365, 389 S.W. 2d 431.

## VIII.

In *Wallis* v. *Mrs. Smith's Pie Company,* 261 Ark. 622, 550 S.W. 2d 453, we held that in a tort action involving a resident or residents of another state and/or a resident of Arkansas. our courts are free to apply the rule based on the "most significant relationship" as affected by the following named choice-influencing considerations: (1) Predictability of results. (2) Maintenance of interstate and international order. (3) Simplication of the judicial task. (4) Advancement of the forum's governmental interests. (5) Application of the better rule of law. In other words, the Arkansas Court, as the forum court, is free to apply the substantive law of a sister state where it finds that such state has a significant interest in the outcome of the issues involved. However, the rules of the road of the state where the tortious conduct occurred are applied.

Under *Wallis,* the substantive law of Tennessee is applicable, but Arkansas' rules of the road are applicable in the instant case.

We conclude that the trial court committed error in not applying Tennessee's substantive law inasmuch as both appellants-plaintiffs and appellees-defendants are residents of the State of Tennessee, while the accident occurred in the State of Arkansas. However, the parties may elect to be governed by both Arkansas' substantive law and rules of the road.

## IX.

Marvin Thompson, a licensed embalmer and funeral director, who testified that he attended the Dallas Institute of Mortuary Science at Dallas, Texas, and that he obtained his license in late 1950, over the objections of appellants, was qualified by the trial court as an expert witness on the ques-

tion of grief and mental anguish.[4]

Mr. Thompson was excused from the rule and, accordingly, he sat in the courtroom during the two days of trial; he heard all of the testimony given by the plaintiffs concerning the grief and mental anguish that they had sustained. Marvin Thompson concluded, from this limited observation of the appellants-plaintiffs, that appellants had sustained nothing more than normal grief as a consequence of the loss of their loved ones.

The action of the trial court in qualifying a mortician as an expert on the issue of mental anguish and grief is rather shocking and disturbing to this Court. It is well settled that a witness may testify as an expert if he possesses special skill or knowledge with respect to the matter involved so superior to that of men in general as to make his formation of a judgment a fact of probative value. *Blanton* v. *Missouri Pacific Railroad Company*, 182 Ark. 543, 31 S.W. 2d 947.

Also, under Rule 702 of the Uniform Rules of Evidence, it is provided as follows:

> "Testimony by experts. — If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

We are not persuaded that Mr. Thompson's attendance at an institute of mortuary science and his participation in approximately 200 funerals would qualify him as an expert to offer any constructive and objective testimony relating to the degree and intensity of the mental anguish and grief realized by the appellants-plaintiffs.

We submit that Mr. Thompson's definition of extraordinary grief illustrates his very limited knowledge of the subject matter and not only does it not represent the law, but was

---

[4]Marvin Thompson testified that he had attended approximately 200 funerals over the past 24 years, but had not handled any funerals involving black people. The decedents involved in this action are black.

devastating to appellants' claim of damages for mental suffering and grief:

> "In my opinion, extraordinary grief is that grief that a person cannot overcome and he or she has to be treated by a doctor, psychiatrist or put in a mental hospital."

In *Peugh v. Oliger, Admx.,* 233 Ark. 281, 345 S.W. 2d 610, we said, among other things, as follows:

> " '. . . [I]t is necessary that the mental anguish suffered be real and with cause, and not merely the result of a too sensitive mind or a morbid imagination.' ". . . " 'It will thus be seen that the mental anguish for which a recovery can be had must not consist simply of annoyance or disappointment or a suffering of the mind growing out of some imaginary situation, but it must be some actual distress of mind flowing from the real ills, sorrows and griefs of life.' "

We, therefore, reverse the trial court on this contention asserted by appellants.

## XII.

We conclude that the trial court committed reversible error in granting a directed verdict in behalf of Powell Brothers Gin & Land Company on the issue whether Fondville L. Carr was an agent or employee of Powell Brothers Gin & Land Company. We are convinced that the testimony presented a fact question, consequently, the issue should have been submitted to the jury.

The evidence reflects that Powell Brothers Gin & Land Company owned the trailer that was attached to the truck driven and owned by Fondville L. Carr; and that the seeds contained in the trailer were owned by Powell Brothers Gin & Land Company; moreover, the record further reflects that Powell Brothers Gin & Land Company determined the hours that Fondville L. Carr worked and the number of trips that he would make each day from Tennessee to Arkansas in delivering the merchandise. Furthermore, it is clear from the

record that Powell Brothers Gin & Land Company specifically directed Fondville L. Carr to make a return trip to Arkansas with his merchandise and he was following these directions when the accident occurred.

Affirmed in part, reversed in part and remanded.

BYRD, J., concurs.

GEORGE ROSE SMITH and HOLT, JJ., dissent in part.

CONLEY BYRD, Justice, concurring. I concur with the result in the majority opinion although I must admit that the rule in *Wallis v. Mrs. Smith's Pie Company*, 261 Ark. 622, 550 S.W. 2d 453 (1977), as applied seems to give the plaintiff the best of two worlds.

However, I cannot accept the minority view that the decedents were guilty of negligence that was a proximate cause of their death. They had the right to assume until the contrary became apparent that the people using the westbound portion of the freeway would not cross the median. To accept the minority's view would make a jury question as to the liability of a motorist traveling along a freeway any time the motorist is struck by a vehicle crossing the median of any of our interstate highway systems. It would come as quite a shock to the average citizen of this State to find out that he could be held liable for damages under such circumstances. See *Prickett v. Farrell, Adm.*, 248 Ark. 996, 455 S.W. 2d 74 (1970) and *Scott v. Jansson*, 257 Ark. 410, 516 S.W. 2d 589 (1974).

For the reasons herein stated, I concur in the result of the majority opinion.

GEORGE ROSE SMITH, Justice, dissenting. I wish to express my disagreement only with regard to the majority's second point, although there are other issues upon which I am not in complete accord with the majority decision.

The majority hold that the decedents were, as a matter of law, not guilty of any negligence which was a proximate

cause of their death. Yet the proof is that after the first accident they remained for 25 minutes in the traveled portion of the eastbound lanes of traffic, 15 minutes of which was before the police arrived. As mere passengers in the car they were certainly free to walk to a position of complete safety, which they could apparently have done in a few seconds. The jury found that their negligence was equal to that of the truckdriver, Carr, but in the face of that finding the majority declare that the decedents were absolutely free from any negligence whatever.

Upon a retrial that holding will amount to a directed verdict for the plaintiffs. We have held that it is for the jury in a comparative negligence case to determine the negligence of each party. *Baker* v. *Matthews,* 241 Ark. 539, 408 S.W. 2d 889 (1966). Moreover, in a ngeligence case, turning upon a standard of ordinary care, a verdict should not be directed for the plaintiff unless there is no rational basis in the situation, testimonially, circumstantially or inferentially, for the jury to find for the defendant. *Spink* v. *Mourton,* 235 Ark. 919, 362 S.W. 2d 665 (1962). The question is especially critical here, because if the case is retried under Tennessee law the defendants are being deprived of the complete defense of contributory negligence under that law. Since the jury might believe that the decedents carelessly remained too long in a place of danger, which actually contributed to their death, I cannot agree that the issue of their possible negligence has no place in the case.