Betty **FIELDS, Administratrix of the Estate of Whipple H. Fields, Plaintiff,**

v.

**Jerry HUFF, Warren McElroy and T.I.M.E.–DC, Inc., Defendants,**

**Arkansas State Highway Commission, Intervenor.**

No. H–C–79–34.

United States District Court, E. D. Arkansas, E. D.

March 30, 1981.

---

Robert J. Donovan, Marianna, Ark., Robert L. Wilson, Little Rock, Ark., for plaintiff.

Winslow Drummond, Wright, Lindsey & Jennings, Boyce Love, Friday, Eldredge & Clark, Little Rock, Ark., for defendants.

1. Ark. Acts [1883] No. 53.

## MEMORANDUM OPINION

HENRY WOODS, District Judge.

This is a diversity case filed by the administratrix of the Whipple Fields estate on behalf of his estate and children for wrongful death. The evidence was such that an issue was clearly made for punitive damages, if such damages are allowed in a wrongful death action under Arkansas law. The problem is by no means a simple one. In view of the recurrence of the question, we have concluded that a memorandum opinion should be filed in support of our decision to submit this issue to the jury.

The Arkansas Survival and Wrongful Death statutes are now compiled together in Ark.Stat.Ann. §§ 27–901 through 27–909 under a separate chapter heading (Chapter Nine) entitled "Survival of Actions." Only the first sentences of §§ 27–906, 27–908 and 27–909 are pertinent to this case. These are §§ 1, 3 and 4 of Act 255 of the Arkansas Acts of 1957. The purpose of the 1957 act was to include a recovery for mental anguish for designated relatives and to extend recovery to loss of consortium to the wife. It reenacted much earlier survival and wrongful death acts. The original Survival Act was passed in 1838, and the Wrongful Death Act was passed in 1883.[1] In 1899 the husband was given the right to recover for loss of consortium, and this right was extended to the wife in 1957, as noted *supra*.[2]

The pertinent portions of Chapter Nine of Title 27 Ark.Stat.Ann. read as follows:

27–906. *Wrongful death actions and their survivorship.*—Whenever the death of a person shall be caused by a wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or company, or corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person in-

2. Ark. Acts [1899] No. 84 and Ark. Acts [1957] No. 255.

jured, and although the death may have been caused under such circumstances as amount in law to a felony.

27–908. *Beneficiaries.*—The beneficiaries herein are the surviving spouse of the deceased person, children, father and mother, brothers and sisters, persons standing in loco parentis to the deceased person, and persons to whom the deceased stood in loco parentis.

27–909. *Damages and distribution.*— The jury, or the Court in cases tried without a jury, may fix such damages as will be fair and just compensation for the pecuniary injuries, including a spouse's loss of the services and companionship of a deceased spouse and/or mental anguish resulting from such death, to the surviving spouse and next of kin of such deceased person.

Section 27–906, Ark.Stat.Ann. is of course a reenactment of the Survival Act and Sections 27–908 and 27–909, Ark.Stat.Ann. are reenactments of Lord Campbell's Act *as interpreted* by the English courts. At common law, death of the injured person abated any cause of action that he might have maintained.[3] This deficiency was cured by the survival acts, which in most jurisdictions were enacted long before the wrongful death acts. The survival acts merely continued in existence, as an asset of the estate, the decedent's own claim for damages.[4] Not only did the common law deny the decedent's estate a remedy for damages which he might have asserted, if he had survived, but it also denied the spouse and

next of kin any right to recover for their own loss.[5] Lord Campbell's Act was passed to alleviate this harsh rule.[6] Although the act simply provided that "in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death," the act was given a very restrictive interpretation by the English courts, under which the recovery of the beneficiaries was limited to their "probable pecuniary loss."[7] The English judicial interpretation was carried over into the language of the American statutes as well as into the American decisions.[8] The original Arkansas Wrongful Death Act limited recovery "to the pecuniary injuries, resulting from such death, to the wife and next of kin of such deceased person."[9]

As defendants point out, a majority of jurisdictions do not permit the recovery of punitive damages in an action for wrongful death. In a recent summary of the rule in various American jurisdictions, the author lists 33 jurisdictions which deny recovery and 16 which permit recovery.[10] "It was early determined under Lord Campbell's Act that the basis of recovery is the pecuniary loss to the survivors, from which it seems clear that punitive or exemplary damages cannot be allowed in an action for death under that statute. The great majority of states, under statutes which are general in their wording as to damages, construe them to exclude punitive damages." McCormick, Damages § 103 (1935). See also Restatement 2d, Torts § 908, Comment (a)[11], and § 925, Comment (c)[12].

---

3. McCormick, Damages, 335 n. 9 (1935).

4. *Ibid.*

5. *Baker v. Bolton*, 1 Camp 493, 170 Eng.Rep. 1033 (1808). "By the common law the death of a human being could not be made the subject of a civil action." *L.R. & Ft.S.Ry.Co. v. Barker*, 33 Ark. 350 (1878).

6. Fatal Accidents Act [1846] 9 and 10 Vict. c. 93 and 92.

7. *Blake v. Midland Ry. Co.*, 18 Q.B. 93, 118 Eng.Rep. 35 (1852).

8. "In spite of these differences in phraseology ... the principles applicable to the measure of damages under all these acts is generally the

same, *viz* that the damages are measured by the pecuniary loss resulting to the beneficiaries of the action from the death." Tiffany, Death by Wrongful Act § 153 (2d ed. 1913).

9. Ark. Acts [1883] No. 53.

10. G. Holthus, Punitive Damages in Wrongful Death, 20 Clev.St.L.R. 301 (1971).

11. "Punitive damages are not awarded ... ordinarily in an action under a death statute."

12. "Aside from the states in which the degree of culpability of the defendant is the sole basis for compensation, most of the states do not permit punitive damages. In some, because of

A number of jurisdictions which permit recovery have statutes expressly granting the right to punitive damages in a wrongful death action.[13] Other jurisdictions have based their allowance of recovery on wording in death statutes, which by implication indicate legislative intent to permit recovery of punitive damages.[14]

Where the statutes do not expressly permit punitive damages, the courts seem to focus on the term "pecuniary injuries" and similar phraseology.[15] This is understandable in those jurisdictions which have only a wrongful death act modeled on Lord Campbell's Act.[16] Even in such jurisdictions where the wrongful death statute contains the terminology that "such damages may be given as under all the circumstances of the case may be just," recovery of punitive damages has been sustained.[17] However, where there is also a survival act,[18] justification for withholding punitive damages would seem to be wanting. Such a state is California,[19] and its refusal to permit punitive damages has been subject to criticism.[20] Florida, which has both a survival and

the express language in a statute or by interpretation of general provisions the courts have held that these damages are recoverable."

**13.** See, e. g. Nev.Rev.St. § 41.100 (1967); Missouri Ann.Laws § 537.080 (1953); Mont.Rev. Code Ann. § 17–208 (1967); N.Mex.Stats.Ann. 22–20–3 (1953); Ky.Rev.Stats.Ann. § 411.150; S.C.Code Ann. § 10–1954 (1962); Tex.Rev.Civ. St.Ann. Art. 4673 (1952). Alabama treats its wrongful death statute as punitive, and recovery is based on defendant's culpability. 7 Ala. Code § 123 (1960).

**14.** The Arizona Act uses the term "aggravating circumstances." Ariz.Rev.Stats. § 12–613. The Arizona Supreme Court held that the wording "is a clear implication of legislative intent to allow punitive damages in wrongful death actions." *Boies v. Cole,* 99 Ariz. 198, 407 P.2d 917, 921 (1965). The Mississippi statute gives the right "to recover such damages as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent." Miss.Code Ann. § 1453. Under this statute, punitive damages have been awarded for wrongful death. *Young v. Columbus & G. Ry. Co.,* 165 Miss. 287, 147 So. 342 (1933). The Massachusetts Act provides: "A person who ... (2) by willful, wanton or reckless act causes the death of a person under such circumstances that the deceased could have recovered damages for personal injuries if death had not resulted...." This subsection of the statute would seem to clearly imply the recovery of punitive damages.

**15.** *Platis v. United States,* 288 F.Supp. 254 (D.Utah 1968) (applied Utah law, but this was a Federal Tort Claim and exemplary damages are not permitted under this act. 28 U.S.C.A. § 2674); *Huff v. White Motor Corp.,* 609 F.2d 286 (7th Cir. 1979) (interpreting Indiana statute). The pertinent part of the Indiana statute reads as follows: "When the death of one is caused by the wrongful act or omission of another ... the damages shall be in such an amount as may be determined by the court or jury, including but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission." *Johnson v. International Harvester Co.,* 487 F.Supp. 1176 (D.N.D.1980) (applying North Dakota law). The North Dakota Wrongful Death Act reads as follows: "In an action brought under the provisions of this chapter, the jury shall give such damages as it finds proportionate to the injury resulting from the death to the persons entitled to the recovery." N.D.C.C. § 32–21–02. *Wallace v. Ener,* 521 F.2d 215, 222 (5th Cir. 1975) (applying Georgia law); *Barnes v. Smith,* 305 F.2d 226 (10th Cir. 1965) (New Mexico diversity case, where the court followed the majority view, there being no New Mexico decisions on the subject). N.M.S.A. 1953, 22–20–3: "... and the jury in every such action may give such damages, compensatory and exemplary, as they shall deem fair and just, taking into consideration the pecuniary injury or injuries resulting from such death to the surviving party or parties entitled to judgment ...."

**16.** A complete survey made some years ago found that more than one half of the states fell in this category. Note 44 Harvard L.Rev. 980 (1931).

**17.** *Gavica v. Hanson,* 101 Idaho 58, 608 P.2d 861 (1980); see also the Mississippi statute and case cited, n. 14, *supra.*

**18.** Twenty-two states have been listed in this category. Note, 44 Harvard L.Rev. 980 (1931) *supra,* n. 16.

**19.** *Pease v. Beech Aircraft Corp.,* 38 Cal.App.3d 450, 461, 113 Cal.Rptr. 416, 424 (1974); 4 Wilkin, of California Law, Torts § 853 at 346 (8th Ed. 1973). Another state is Illinois. *Mattyasovsky v. West Towns Bus Co.,* 61 Ill.2d 31, 330 N.E.2d 509 (1975).

**20.** A. McClelland and H. Truett, Survival of Punitive Damages In Wrongful Death Cases, 8 Univ. of San Fran.L.Rev. 585 (1975).

wrongful death act, has reached the opposite result and permitted recovery.[21] So have Missouri[22] and Iowa.[23]

The distinction between death actions grounded in wrongful death acts and those grounded in survival acts has been noted by the Court of Appeals of this Circuit. "Since it is apparent that the Iowa statute is of the survival type, we are satisfied that the submission of exemplary damages was proper." *Koppinger v. Cullen-Schultz & Associates*, 513 F.2d 901 (8th Cir. 1975). The distinction has been made by other courts. In *Benson v. Lynch*, 404 F.Supp. 8 (D.Del.1975) suit was brought for punitive damage under count I for death of plaintiff's wife, utilizing the Delaware Wrongful Death Act,[24] and by another count under the Delaware Survival Act.[25] The claim for punitive damages was dismissed under count I because the wrongful death act limited recovery to "pecuniary loss." The claim for punitive damages under the Survival Act was dismissed only because compensatory damages were not established. Under count II the sole claim was for conscious pain and suffering, but the evidence showed that decedent had been instantly killed. In a Pennsylvania diversity death case brought under the Survival Act of that state,[26] the court sustained a substantial jury award for punitive damages: "We see no reason to read into the act a limitation on the nature or amount of recovery. Certainly, the legislature was aware that the courts of Pennsylvania recognized punitive damages in an appropriate case, when they passed the act." *Hennigan v. Atlantic Refining Co.*, 282 F.Supp. 667, 683 (E.D.Pa.1967).

■ Our task is to ascertain and apply Arkansas law. We have concluded that the Arkansas decisions are in accord with those jurisdictions cited *supra*, which permit recovery of punitive damages in a death action. It is true that the Arkansas decisions as a *ratio decidendi* have not made the distinction between survival and wrongful death acts, central to resolution of several of the above-cited cases from other jurisdictions. However, the inescapable fact is that the Supreme Court of this state has on a number of occasions put its stamp of approval on the recovery of punitive damages in death cases. There are two recent decisions. In *Mode v. Barnett*, 235 Ark. 641, 361 S.W.2d 525 (1962) the defendant killed the husband of his mistress. Decedent's administrator brought a wrongful death action on behalf of his children. Compensatory damages were recovered along with punitive damages in the sum of $25,000. Only a one-sentence comment was made concerning the latter recovery. "The $25,000 award for punitive damages is not specifically attacked, *but, even so*, the record supports the award made." 235 Ark. 641 at 653, 361 S.W.2d at 531 (emphasis added). While the case does not represent strong authority for plaintiff's position, it certainly cannot be ignored. It seems to us that the italicized phrase can be fairly interpreted to mean that even if the award had been attacked, it would nevertheless have been upheld.

Much more persuasive is the more recent case of *Williams v. Carr*, 263 Ark. 326, 565 S.W.2d 400 (1978). This was an action for wrongful death brought by the administratrices of two persons killed in a highway mishap. Included in the complaint was a claim for punitive damages. The Supreme

---

21. *Atlas Properties, Inc. v. Didich*, 226 So.2d 684 (Fla.1969).

22. *Missouri v. Greene*, 494 S.W.2d 55 (Mo. 1973). "In this case a single set of facts gave rise to two separate and distinct causes of action, one for wrongful death ... and another ... for the benefit of his estate.... [P]unitive damages are for the purpose of punishment.... This policy should not be thwarted merely because the wrongdoer manages to kill the party wronged...."

23. *Leahy v. Morgan*, 275 F.Supp. 424 (N.D. Iowa 1967), relying on *Fitzgerald v. Hale*, 247 Iowa 1194, 74 N.W.2d 509 (1956).

24. 10 Del.C. § 3704.

25. 10 Del.C. § 3701.

26. Pa.Stat.Ann. § 320.601 (1949) which states: "All causes of action or proceedings, real or personal, except actions for slander or libel, shall survive the death of the plaintiff ...."

Court in a unanimous opinion by U. S. District Judge George Howard when he was an Associate Justice of that court held that punitive damages were not recoverable because compensatory damages were not obtained. The court noted that "the recovery of exemplary damages is dependent upon the recovery of actual damages. The jury found that decedents and appellee were equally at fault; consequently there was no recovery for actual damages by appellants-plaintiffs." *Id.* at 331, 565 S.W.2d at 401. The clear implication of the above statement is that punitive damages would have been permitted, in the event the jury had returned a verdict for compensatory damages.

There are a series of older cases in which punitive damages have been sustained by the Arkansas Supreme Court in wrongful death cases without discussion of the legal issues. These are *Texarkana Gas & Electric Light Co. v. Orr*, 59 Ark. 215, 27 S.W. 66 (1894); *St. Louis I. M. & S. Ry. Co. v. Stamps*, 84 Ark. 241, 104 S.W. 1114 (1907); *St. Louis, I. M. & S. Ry. Co. v. Roberson*, 103 Ark. 361, 146 S.W. 482 (1912); and *Chicago Mill & Lumber Co. v. Bryeans*, 137 Ark. 341, 209 S.W. 69 (1919).

In fact we have been cited to no Arkansas case in which punitive damages have been rejected where the action has been grounded in the wrongful death or survival statutes. Defendants call our attention to the case of *Little Rock & Ft. Smith Ry. Co. v. Barker*, 33 Ark. 350 (1878). This case is not persuasive, because it was brought under a statute specifically dealing with death caused by the operation of trains.[27] The case was decided five years before the Arkansas Wrongful Death Act was passed. Defendants also argue that the Arkansas

Model Jury Instruction dealing with wrongful death, AMI No. 2215, does not include punitive damages. AMI 2215 does not purport to deal with punitive damages; it covers only compensatory damages in a death action. The subject of punitive damages is covered in a separate instruction AMI No. 2217. While AMI 2217 does not include a reference to death actions, no intent is expressed either in the instruction or the comment to exclude the consideration of punitive damages in a death case.

Even though our Supreme Court has not indulged in fine spun distinction to sustain punitive damages in wrongful death actions, a large dose of common sense is evident in its conclusions. If defendant driver had only broken Whipple Fields' arm, clearly Mr. Fields could have sued for punitive damages. Should the driver and his employer escape the consequence because his willful and wanton conduct instantly killed this man? The absurdity of an affirmative answer has been noted by the commentators.[28]

The failure to recover compensatory damages in a death action in Arkansas is of course fatal to a claim for punitive damages, as noted in *Williams v. Carr, supra.* In the case at bar compensatory damages were virtually certain to be recovered by the wrongful death beneficiaries and the estate, since the conduct of the defendant driver was so willful and wanton. A verdict for the defendant on the issue of compensatory damages or liability would have been set aside. One problem suggests itself. Here the only damages sought by the administratrix on behalf of the estate were for funeral expenses. Was this an element of damage the decedent could have recovered had he lived? *Obviously not.* But in

---

27. "All railroads . . . shall be responsible for all damages to persons and property done or caused by the running of trains . . . . When an adult person be killed by railroad trains running in this state, the husband may sue for damages to a wife. In all other cases the legal representative shall sue . . . . When the person killed or wounded be a minor, the father . . . may sue for and recover such damages as the court or jury trying the case may assess." Ark. Acts 1874–75, page 133.

28. See O. Reynolds, Punitive Damages After Death—Can Tort Law Create Heaven and Hell?, 260 Okla.L.Rev. 63 (1973); A. McClelland and H. Truett, Survival of Punitive Damages in Wrongful Death Cases, 8 U. of San Fran.L.Rev. 585 (1975); and G. Hulthus, Punitive Damages in Wrongful Death, 20 Clev.St.L. Rev. (1971).

Arkansas it is an element of damage claimed for the benefit of the estate by the administrator along with all the survival act claims. Realistically, it is damage to the decedent through a diminution of his estate. We are not impressed with the argument that damages to the estate for funeral expenses will not support an award to the estate for punitive damages. Some attorneys have been concerned with this problem and have always included, along with funeral expenses, a claim on behalf of the estate for damage to clothes, jewelry, eye glasses and other personal possessions.

Defendants also argue that, even though punitive damages might be assessed against the defendant driver, they could not be imputed to his corporate employer on the basis of respondeat superior. The Arkansas Supreme Court has rejected this contention by its explicit holding in *Miller v. Blanton*, 213 Ark. 246, 210 S.W.2d 293, 3 A.L.R.2d 203 (1948).

A verdict form will be submitted to the jury for their determination as to whether punitive damages will be assessed against defendant driver and his employer.