**Decided August 11, 1983**

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

KATHERINE LYNNE FLOWERS,          )          CIVIL ACTION NO. 83-205
deceased, by and through her)
personal representative,          )
JOE FLOWERS,                      )
                                  )
               Plaintiff,         )
                                  )
          vs.                     )                    ORDER
                                  )
THE HYATT REGENCY HOTEL,          )
RICHARD ROE CORPORATION,          )
JOHN DOES I and II and the        )
COMMONWEALTH OF THE NORTHERN)
MARIANA ISLANDS,                  )
                                  )
               Defendants.        )
_____)

      Before the court is the motion of the defendant, Hyatt

Regency Hotel (Hyatt), to dismiss the complaint against it

pursuant to Com.R.Civ.Pro. 12(b)(6).  Four grounds are

enumerated in the motion, to wit:

      1.   The deceased, Katherine Lynne Flowers, has no

cause of action under the laws of the Commonwealth against Hyatt;

      2.   There is no cause of action in the Commonwealth

for wrongful death in excess of $100,000;

693

3.    There is no cause of action in wrongful death actions in the Commonwealth for punitive damages;

4.    There is no cause of action in the Commonwealth against John Doe II, Hyatt's insurance company.

## BACKGROUND

The complaint in the matter was filed on May 27, 1983 with the caption for the plaintiff reading:  "Katherine Lynne Flowers, deceased, by and through her personal representative, Joseph Flowers, Plaintiff."

The defendants captioned in the suit are:  "The Hyatt Regency Hotel, Richard Roe Corporation, John Doe I and II and the Commonwealth of the Northern Mariana Islands, Defendants."

The complaint alleges, essentially, that the deceased, while a guest of the hotel, drowned in the swimming pool of the hotel and that her death was caused by certain negligent and affirmative acts of the defendants in one capacity or the other.

Of special note for the purposes of disposing of the motion are certain allegations in the complaint and the relief requested.

In Paragraph 5, Count I of the complaint it is alleged:
"that plaintiff brings this action individually,

and on behalf of his wife, Sharon Flowers, his son Michael Flowers, <u>and his daughter Katherine Lynne Flowers, deceased</u>." (emphasis added)

In the various prayers for relief, Plaintiff requests 2.5 million dollars general damages and 2.5 punitive damages.

In Paragraph 4, Count I, the plaintiff alleges:

"That John Doe II is an insurance company contractually obligated to indemnify or pay for any losses incurred by Hyatt as a result of said defendant's negligence or the negligence of its employees, agents and contractors."

These allegations form the basis for defendant's motion and the court will deal with each ground in the order presented.

DOES A CAUSE OF ACTION EXIST IN THE COMMONWEALTH WHICH SURVIVES THE DECEASED IN A WRONGFUL DEATH ACTION OR IS THE WRONGFUL DEATH STATUTE (6 TTC §§201-203) LIMITED TO DAMAGES SUFFERED BY THE DECEDENT'S BENEFICIARIES?

Sections 201-203 of Title 6 essentially set forth a statutory cause of action for wrongful death which is patterned after a "Lord Campbell's Act." <u>Yithitaro v Lotius</u>, 3 T.T.R. 3 (Tr. Div. 1965). The bases of such a cause of action are:

1. That an action may be maintained whenever death is caused by a wrongful act, neglect, or default which would

have entitled the person injured to maintain an action if death had not ensued.

2.  That such action is for the benefit of certain designated members of deceased's family or close of kin.

3.  That the damages recoverable in such action are those suffered by such beneficiaries by reason of the death.

25A Corpus Juris Secundum, Death §15 at p.592.

█ It also must be recognized that the general rule is that there is no common law cause of action for wrongful death.

25A Corpus Juris Secundum, Death §13 at pp 582-5.

█ Thus, the plain reading of the wrongful death statute leads unalterably to the conclusion that the action must be brought in the name of the personal representative and shall be for the exclusive benefit of the listed beneficiaries in §202 of Title 6.   There is clearly no survival of a cause of action for the deceased.

The Plaintiff counters this result by citing Rohlfing v Akiona Ltd. 369 P 2d 96 (Hi 1961) and Gaudette v Webb 284 N.E. 2d 222 (Mass 1972) which essentially held that the

right to recover for wrongful death is of common law origin. Of some support is also Moragne v States Marine Lines, Inc. 398 U.S. 375, 409, 90 S.Ct. 1772, 26 L.Ed 2d 339.

The plaintiff asks this court to depart from the general rule "by recognizing a common law cause of action for wrongful death in the CNMI." (Memorandum in Opposition, page 10).

The defendant terms this as judicial legislation and buttresses its argument by citing 1 TTC 103 which commands this court to apply "the rules of the common law, as expressed in the restatements of the law approved by the American Law Institute.....".  Reference is made to section 925 of the Restatement, Torts and Restatement, Second Torts which provides:

"The measure of damages for causing the death of another depends upon the wording of the statute creating the right of action and its interpretation."

The defendant argues that the Gaudette and Moragne cases, supra, are, in effect, anomalies and were designed to fill gaps which occurred in the law.  It is noted that this is exactly the point made in the comment to the Restatement Second, Torts, §925 K.

A review of Gaudette and Moragne reveals this to be true as in both cases it is clear that an unjust and unexpected

result would have occurred and deprived the beneficiaries from any cause of action should the court not allow the Plaintiff's lawsuit.

Such is not the case here. The Plaintiffs, as beneficiaries have a statutory claim and there is no gap to fill in.

Nonetheless, the Plaintiffs argue that the discredited rule long ago enunciated in Baker v Bolton, 1 Camb. 493 (1808), which held that the common law did not recognize a civil action for wrongful death, should be discarded and this court create a common law survival cause at action for the deceased.

The court declines this invitation for two basic reasons. First, it is difficult to ascertain how "common law" which is not common can in one case become the "common law". Second, the cases cited to the court which vary from the statutory approach were to fill an unjust and unexpected gap. The court concludes that it would be engaging in judicial legislation if it formed a new wrongful death cause of action where one does not already exist. Recently the legislature has considered at length certain amendments to the wrongful death statute. Though not resulting in new statute, it must be concluded that the legislature is cognizant of the statutory framework and is apparently interested in

changing provisions in the law. This is a legislative matter not a judicial one. The existing statute defines and specifies what type of suit can be brought and who can bring it. This court will give deference, as it must, to the clear statutory language.

Consequently, it is held that Plaintiff's action can only be brought by the personal representative of the deceased for the exclusive benefit of the next of kin of the decedent. No cause of action survives the decedent but any cause of action is limited to those damages specified in 6 TTC §§201 and 203.

Notwithstanding this holding, judicial economy dictates a remedy other than dismissal as requested by the defendant. At all times hereafter, the caption for the Plaintiff shall read:

"Joseph Flowers as personal representative of Katherine Lynne Flowers, deceased."

Any allegations contrary to the above shall be treated as surplusage and Plaintiff's lawsuit shall proceed on the cause of action as specified herein and the statute.

It will further be ordered that Joseph Flowers will be formally appointed pursuant to §202 to satisfy that provision.

MUST THE $100,000 LIMITATION OF DAMAGES AS SPECIFIED
IN 6 TTC, §203 BE HONORED?

Much of what has been said in resolving the first issue
applies here.

No cases have been cited by the Plaintiff which have
discarded a statutory limit of damages for wrongful death.
On the contrary, cases that have considered this issue have
deferred to the legislature Hall v Gillins 13 Ill. 2d 26;
147 N.E. 2d 352 (1958); State of Missouri ex rel. Marion
Ellis v Stussie, 515 S.W.2d 411 (Mo. 1974); Prunty v Schwantes,
40 Wis.2d 418 (Wis. 1968); Raunela v Hertz Corporation, 280
N.E.2d 179 (Mass. 1972); Jirsa v Ice, 217 N.W.2d 465 (S.D.
1974); Lester v Rose, 130 S.E.2d 80 (W.V. 1963), Peot v Ferraro,
266 N.W. 2d 586 (Wis. 1978); Bartch v United States,
330 F.2d 466 (1964); Richards v United States, 285 F.2d 521
(1960); and Richards v United States, 369 US 1, 82 S.Ct.
585, 7 L.Ed. 492 (1962). The Plaintiff simply asks this
court to declare there is a common law cause of action and
ignore the statutory limitation. As much as this court may
wish to accept this proposition, it feels, once again, that
this is a legislative matter and, quite significantly, was
one that was recently considered by the legislature but for
one reason or another produced no changes in the statute.

This ruling adverse to the Plaintiff does not necessitate the dismissal of the Complaint. However, it is determined that the maximum the Plaintiff can recover in this action is $100,000.

## IS THE PLAINTIFF ENTITLED TO PUNITIVE DAMGES?

The general rule is that if the cause of action is based on a statute (as opposed to a common law right), the statute can forbid punitive damages. Wilson v Whittaker, 207 VA 1032, 154 S.E.2d 124 (1967); Mattyasovzky v West Towns Bus. Co., 21 Ill. App. 3d 46, 313 N.E.2d 496 (1974).

Section 201, title 6 provides that "When the death of a person is caused by a wrongful act, neglect or default such as would have entitled the party injured to maintain an action and recover damages in respect thereof, if death had not ensued, the person or corporation which would have been liable if death had not ensued ..... shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under circumstances which make it in law murder in the first or second degree, or manslaughter."

A fair reading of this section seems to indicate punitive damages are allowable since one could sue for punitive

damages "if death has not ensued."[1] This appears also to explain the inclusion of the term "wrongful act" in addition to "neglect".

Section 203 (1) frames the damages available in a different way and states that the damages awarded shall be "proportioned to the pecuniary injury resulting from such death, to the persons, respectively, for whose benefit the action was brought." (emphasis added) However, it appears that the sentence quoted is more directed to proportioning the award than describing the type of damages allowable.

Prior to April 11, 1972, subparagraph (1) of §203 ended with the provision quoted above. P.L 4C-36, enacted April 11, 1972 added the existing language which reads: "provided, however that where the decedent was a child, and where the plaintiff in the suit brought under this chapter is the parent of such child....,such damages shall include his mental pain and suffering for the loss of such child, without regard to provable pecuniary damage."

It is clear that the amendment in 1972 was to add to the damages recoverable by a parent for the death of his or

---

[1] Compare 6 TTC §151(1) which specifically prohibits punitive damages in an action against a deceased tort-feasor.

her child.

A fair reading of the statute as a whole leads the court to conclude that punitive damages, per se, are not prohibited and if a cause of action is granted in the terms of Section 201(1) punitive damages are certainly implied. Additionally, it appears that the reasoning in Fields v Huff, 510 F.Supp. 238 (D.C. Ark 1981) regarding this issue is more logical. The statute in the Fields case was essentially the same statute .isting in this case and the Fields court found that punitive damages were recoverable. As the commentators have asked on this issue: Why should the defendant be free from a claim of punitive damages just because he killed the person rather than maim him or her?[2]

Accordingly, it is held that punitive damages are allowable under the provision of 6 TTC §201-203.[3]

---

[2] The defendant makes the point that the Fields court may have confused the Arkansas death statute with a survival statute and therefore erroneously was led to the conclusion that pecuniary damages are allowable. Be that as it may, the common sense logic and approach sways this court to allow pecuniary damages.

[3] The seemingly inconsistent result reached herein does not escape the court. On the one hand, punitive damages (along with general damages) are allowed, but on the other hand, the total recovery is still limited to $100,000.

DOES THE PLAINTIFF HAVE A DIRECT CAUSE OF ACTION AGAINST HYATT'S INSURER?

Once again the court can begin its analysis with a well recognized general rule regarding the issue presented.

> As a general rule, and in the absence of a contractual or statutory provision, or a rule of court, authorizing a direct action against, or the joinder of, a liability insurer, there is no privity between an injured person and the tort-feasor's liability insurer, and the injured person has no right of action at law against the insurer and therefore cannot join the the insured and the liability insurer as parties defendant.

44 Am Jur 2d Insurance, §1575, p 460.

Plaintiff apparently concedes this general rule as well the fact that there is no contractual or statutory provision or rule of court which gives cause to alter the general rule. Indeed the court has found no statutory basis nor any rule of court that allows a direct action against the insurance company in this case. The defendant has set forth the pertinent terms of its insurance policy and pursuant to that document, it is clear that no cause of action arises against the insurance company "until the amount of the insured's (Hyatt) obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the Insured, the claimant and the Company."

704

Since none of these events have occurred there is no contractual basis for the Plaintiff to sue the insurance company at this point.

Plaintiff argues that in this case an exception applies and the general rule should not apply. This exception is that a direct action by the injured party against the insurer is generally allowed when the government has required the insurance contract as a condition to granting privileges to the insured.

The location of Hyatt's hotel (and the swimming pool) is on leased government land. Article 19 of the lease with the Government provides that the lessee (Hyatt) shall carry and maintain a public liability policy for paying damages which may arise from accidents occurring on the leased land. Any such policy "shall be written jointly to protect the lessee and the Government."

Plaintiff cites several cases at page 18 of his brief in opposition to the motion to support his claim of a direct action against the insurance company. A reading of those cases reveals that each one involved a state statute which required the tort-feasor to obtain liability insurance in order to obtain some sort of state license to operate a business. The insurance was for the direct benefit of the public should the licensee commit, an act of negligence.

705

This is not the case here. The insurance clause was in a lease between the Hyatt and the Government, not required by any statute, and is primarily for the protection of the Government (and lessee) and not the public.. The Plaintiff has failed to demonstrate how the exception urged upon the court applies in this case.

As a last resort, the Plaintiff argues that public policy considerations dictate a direct action against the insurance company as allowed in Shingleton v Bussey, 223 So. 2d 713 (Fla. 1969).

The Shingleton case is likened to the one fish swimming upstream while all the other fish swim downstream. Neither its logic nor its conclusions sway this court It is concluded that the Plaintiff has no direct cause of action against Hyatt insurance carrier.

IT IS THEREFORE ORDERED:

1.  This wrongful death action is limited to that brought for the statutory beneficiaries of the deceased, Katherine Lynne Flowers, and no cause of action survives said decedent.

2.  Joseph Flowers is hereby appointed the personal representative of the deceased to prosecute the action pursuant to 6 TTC §202.

3.  Hereafter, the caption for the plaintiff shall read:  "Joseph Flowers as personal representative of Katherine Lynne Flowers, deceased."

4.  Plaintiff's allowable recovery for damages in this matter is limited to $100,000.

5.  Plaintiff is entitled to punitive damages, provided however that the total general damages and punitive damages shall not exceed $100,000.

6.  This action is hereby dismissed against John Doe II, the insurance company of the Hyatt Regency Hotel.

7.  The defendant's remaining motions to dismiss are hereby denied.

Dated at Saipan, CM, this 11th day of August, 1983.

_____
Robert A. Hefner, Chief Judge