## Donna SCHLEMMER *v.* FIREMAN'S FUND INSURANCE COMPANY

86-256                                                730 S.W.2d 217

Supreme Court of Arkansas
Opinion delivered June 1, 1987

*Hale, Fogleman & Rogers*, for appellant.

*Rieves & Mayton,* by: *Elton A. Rieves, IV,* for appellee.

ROBERT H. DUDLEY, Justice. This case involves a choice-of-law question. On the night of May 9, 1981, when the substantive law of Arkansas still contained a guest statute, the plaintiff, Donna Schlemmer, drove her car from Memphis, Tennessee, to the home of Rochelle Smith in West Memphis, Arkansas. There, plaintiff and Rochelle got into an uninsured vehicle, which was owned by Rochelle's sister, and drove to a party at another location in West Memphis. They drank some beer and, at about 10 p.m., plaintiff told Rochelle that she wanted to go home. Rochelle did not want to leave the party, but ultimately consented to drive the plaintiff back to her car. Rochelle drove 55 to 60 miles per hour on the service road to the Interstate Highway in West Memphis, where the speed limit is 45 miles per hour. It started raining, and the windshield wipers would not operate. Plaintiff asked Rochelle to slow down, but Rochelle replied that plaintiff wanted to go to her car and that's where they were going. Shortly afterwards, Rochelle lost control of the car, wrecked it, and injured plaintiff. Plaintiff and her stepfather were both residents of Memphis. Plaintiff's stepfather had purchased automobile insurance on his car, which was registered in Tennessee, from a Memphis insurance agent. The policy was issued by the defendant, Fireman's Fund Insurance Company. Tennessee did not have a guest statute at the time of the accident. Plaintiff filed suit against the defendant insurance company, contending that it was liable under her stepfather's uninsured motor vehicle coverage provision. The defendant insurance company filed a motion for summary judgment in which it contended that the plaintiff was not a covered person under her stepfather's policy, and, alternatively, that the Arkansas guest statute barred recovery by the plaintiff. The trial court held Arkansas law was applicable to the tort phase of the case and that, as a matter of law, the guest statute barred recovery because the driver of the car was not driving in willful and wanton disregard of the rights of others. Because of the holding on the guest statute, it was not necessary for the trial court to decide whether plaintiff was a covered person under the terms of the insurance policy. The Court of Appeals certified the case to this Court under Rule 29(1)(o). We reverse and remand.

Appellant's first argument is that the trial court erred in

applying the substantive Arkansas law, and concomitantly the guest statute, to the tort phase of the case. The argument is meritorious.

For many years this Court, like others, used mechanical rules, such as the rule of lex loci delicti, to answer conflict questions. However, in 1966 Dr. Robert A. Leflar began to write about the more flexible "choice-influencing considerations." *See* Leflar, *Choice-Influencing Considerations in Conflicts Law*, 41 N.Y.U. L. Rev. 267 (1966); Leflar, *Conflicts Law: More on Choice-Influencing Considerations*, 54 Calif. L. Rev. 1584 (1966); R. Leflar, *American Conflicts Law*, Chapter 11, (1968); Leflar, *Conflict of Laws: Arkansas—The Choice-Influencing Considerations*, 28 Ark. L. Rev. 199 (1974). Other states quickly adopted Dr. Leflar's concept of the choice-influencing considerations. *Clark* v. *Clark*, 107 N.H. 351, 222 A.2d 205 (1966), noted in 20 Ark. L. Rev. 359 (1967); *Health* v. *Zillmer*, 35 Wis. 2d 578, 151 N.W.2d 664 (1967); *Mitchell* v. *Craft*, 211 So. 2d 509 (Miss. 1968). We adopted the approach in *Wallis* v. *Mrs. Smith's Pie Co.*, 261 Ark. 622, 550 S.W.2d 453 (1977), and have continued to use the approach. *Williams* v. *Carr*, 263 Ark. 326, 565 S.W.2d 400 (1978).

The five choice-influencing considerations are:

(1) Predictability of results,

(2) Maintenance of interstate and international order,

(3) Simplification of the judicial task,

(4) Advancement of the forum's governmental interests, and

(5) Application of the better rule of law.

In applying the considerations to the facts of the tort phase of this case, we reach the following conclusions:

(1) Predictability of results: As with other accident cases, the predictability consideration had no bearing on the unplanned injury. *See* Leflar, *Conflict of Laws: Arkansas—The Choice-Influencing Considerations*, 28 Ark. L. Rev. 199 (1974). However, the plaintiff was a resident of Tennessee and the defendant insurance company issued its policy in Tennessee, and the

premium calculation was probably made upon casualty experience under the automobile liability laws of Tennessee. To that limited extent, Tennessee law is the most relevant under this consideration. *See* Leflar, *Conflict of Laws: Arkansas—The Choice-Influencing Considerations, id.*

(2) Maintenance of interstate and international order: Free highway traffic between the states will not be lessened, nor will either states' concern with its sovereignty be affected by the choice of either state's law. Neither of the states' laws is favored under this consideration.

(3) Simplification of the judicial task: The trial court's task will not be unduly complicated by the application of the law of either state. Tennessee does not have a guest statute. Arkansas had a guest statute until it was repealed by Act 13 of 1983. Arkansas courts regularly try car accident cases and either apply the guest statute, or do not apply it, depending solely on whether the accident occurred before or after repeal of the guest statute. There will be no difficulty encountered by the forum court in trying the case without using a guest statute. Neither of the states' laws are favored under this consideration.

(4) Advancement of the forum's governmental interest: As previously set out, the General Assembly expressly repealed the guest statute after this accident occurred and, therefore, the state's policy is now against the application of the guest statute. To that extent, Tennessee law is the most relevant.

(5) Application of the better rule of law: There is no doubt about which law we regard as the better law. The Arkansas guest statute in effect at the time of this accident was archaic and unfair. We find a thirteen year old paragraph by Dr. Leflar is still timely and appropriate for this case.

> It must not be automatically assumed that every court will regard its own law as better than that of other states. Courts sometimes realize that certain of their own laws, especially statutory ones, are archaic, anachronistic, out of keeping with the times. Specifically, that may be their attitude toward their automobile guest laws. Despite nationwide lobbying efforts in the 1920's and 1930's, half of the state legislatures did not enact them, and no state has

enacted one since the 1930's. Some states have recently repealed them, though it is not as easy to repeal an archaic statute as it would be to prevent its current enactment if it were not already law. Four states have recently held their guest statutes to be unconstitutional on the ground that they deny the equal protection of the laws to injured persons in discriminatory fashion. [Footnotes omitted.]

Leflar, *Conflict of Laws: Arkansas—The Choice-Influencing Considerations*, 28 Ark. L. Rev. 199, 215 (1974).

Under this consideration, Tennessee's law is the better law.

■ After considering and weighing all five choice-influencing considerations, it is clear that the Tennessee law should be applied to the tort phase of this case.

Reversed and remanded.

HICKMAN and HAYS, JJ., dissent.

GLAZE, J., concurs.

DARRELL HICKMAN, Justice, dissenting. I cannot say that Tennessee law is the better law simply because we had the guest statute. We upheld the statute repeatedly until it was repealed by the legislature. It prevented innumerable civil cases between friends whose friendships ceased when money was at stake.

The insurance policy was issued in Memphis, Tennessee. The suit was filed in Arkansas by the Tennessee resident. She could have sued in Tennessee. The accident occurred in Arkansas in an Arkansas vehicle driven by an Arkansas resident. Arkansas law should be applied to this case.

I would affirm the trial court's decision.

STEELE HAYS, Justice, dissenting: I have no disagreement with applying Tennessee law to a dispute between a Tennessee resident and a Tennessee insurer over the coverage of an insurance policy issued in Tennessee, assuming Arkansas has jurisdiction to decide the issue. But with respect to the liability of Rochelle Smith to Donna Schlemmer, the majority opinion concludes that Tennessee law applies and with that I disagree.

I burn no candles for the guest statute, but it was the law of

this state when the accident occurred and it governs any claim of Donna Schlemmer against Rochelle Smith, or any claim dependent thereon. When a resident of another state comes to Arkansas, enters an Arkansas based vehicle, owned and operated by an Arkansas resident, for a trip wholly local in character and never intended to be otherwise, I have no doubt but that Arkansas law governs issues of tort liability.