Earnest VICKERY and HBC/AG CARRIERS, INC. *v.*
John Paul BALLENTINE and Raymond BALLANTINE,
as Personal Representatives of the Estate of Ralph B.
BALLANTINE, Deceased

87-64                                                732 S.W.2d 160

Supreme Court of Arkansas
Opinion delivered July 13, 1987

*Davis, Cox & Wright,* by: *Constance G. Clark,* for appellant.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold,* for appellee.

TOM GLAZE, Justice. Appellant Earnest Vickery, an employee of appellant HBC/AG Carriers, Inc., was driving a tractor-trailer rig on August 29, 1983, when his truck jackknifed on a wet Highway 71 in Washington County and collided with the

automobile in which Ralph B. Ballentine was riding. Ballentine died as a result of injuries suffered in the accident, and appellees, representatives of Ballentine's estate, filed suit against appellants for Ballentine's wrongful death. Appellees sought damages for Ralph's pain, suffering and mental anguish prior to his death, and his medical, funeral and related expenses in the amount of $1.5 million; $600,000 for the decedent's heirs' mental anguish; and $1 million for the reduction in pecuniary value of the decedent's estate. They also requested punitive damages in the amount of $1 million.

Appellants admitted liability for compensatory damages, and after a two-day trial in October 1986, the jury returned a verdict in favor of the estate for $32,520.00 in compensatory damages and $50,000 in punitive damages. Appellants appeal the award of punitive damages.

For their first point, appellants argue that Arkansas's wrongful death statute, Ark. Stat. Ann. § 27-906 (Repl. 1979), does not provide for the award of punitive damages. Section 27-906 and its companion law on damages, Ark. Stat. Ann. § 27-909 (Repl. 1979), provide in pertinent part as follows:

> § 27-906. Whenever the death of a person shall be caused by a wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, . . ., the person who, or company, or corporation which would have been liable if death had ensued shall be liable to an action for damages, notwithstanding the death of the person injured . . .

> § 27-909. The jury, or the Court in cases tried without a jury, may fix such damages as will be fair and just compensation for the pecuniary injuries, including a spouse's loss of the services and companionship of a deceased spouse and/or mental anguish resulting from such death, to the surviving spouse and next of kin of such deceased person.

Appellants argue that, because our wrongful death provisions are laws enacted in derogation of common law, those laws should not be construed to impose a liability that is not clearly

expressed. While the argument and logic offered by appellants has met with some success in other jurisdictions, it has little basis for support in this state. *See* Comment, *The Arkansas Wrongful Death Statute,* 35 Ark. L. Rev. 294, 304 (1981); *see also,* G. Holthus, *Punitive Damages in Wrongful Death,* 20 Clev. St. L. R. 301 (1971).

While this court has not, until now, directly addressed the issue of whether punitive damages are recoverable in wrongful death actions, we have *sub silentio* approved such awards on a number of occasions. *See Mode* v. *Barnett,* 235 Ark. 641, 361 S.W.2d 525 (1962), *Chicago Mill & Lumber Co.* v. *Bryeans,* 137 Ark. 341, 209 S.W. 69 (1919), and *St. Louis, Iron Mountain & Southern Railway* v. *Robertson,* 103 Ark. 361, 146 S.W. 482 (1912).[1] We note, too, with approval, the recent federal district court case of *Fields* v. *Huff,* 510 F. Supp. 238 (E. D. Ark. 1981), which supports the appellees' argument here that punitive damages are recoverable. In *Fields,* Judge Woods ruled that Arkansas law would support punitive damages in wrongful death actions, and, in excellent fashion, he sets out the history of this state's Survival and Wrongful Death Acts and correctly analyzes this court's cases decided under those laws. *See also Brown* v. *Missouri Pacific Railroad,* 543 F. Supp. 348 (W. D. Ark. 1982).

In view of the language employed in this state's wrongful death provisions and the treatment afforded them by this court's case law, we have no hesitancy in holding that punitive damages are recoverable in such actions. Clearly, an injured party may recover punitive damages as a consequence of a wrongdoer's willful and wanton, tortious conduct. The purpose of our wrongful death laws is to allow an injured person's action and claim for damages to survive, notwithstanding the person's death. *A fortiori,* the surviving beneficiaries of the decedent, killed as a result of such tortious conduct, are entitled to recover those punitive damages the decedent would have recovered had he or she lived. We would note further the purpose of punitive damages is not to compensate the injured party but to impose a monetary

---

[1] More recently, in *Williams* v. *Carr,* 263 Ark. 326, 565 S.W.2d 400 (1978), we denied punitive damages in a wrongful death action, but did so only because no actual damages had been awarded as a necessary underpinning for an exemplary award.

penalty on the defendant and to discourage others from similar behavior. *See Holmes* v. *Hollingsworth,* 234 Ark. 347, 352 S.W.2d 96 (1961). That purpose is unquestionably the same whether the injured person lives or dies as a result of defendant's willful or wanton conduct. In fact, in such situations where a death ensues, it may be argued plausibly that punitive damages, considering their deterrent effect, are more readily justified.

We now consider appellants' other two points for reversal: (1) that there was insufficient evidence to submit the issue of damages to the jury and (2) that the trial court erred in admitting into evidence certain hospital records regarding appellant Vickery's history of drug abuse. Appellants are correct on both points.

Appellees offered the hospital records concerning Vickery to establish he had a drug habit. Appellants raise several meritorious reasons why the records were inadmissible, but the most compelling one is that the proof of Vickery's history of drug abuse, if any, was never shown to predate or to occur at the time of the accident. The hospital records, bearing no name of the author, were dated July 19, 1985, or two years after the accident. The statements contained in those records reflect that Vickery admitted to a continued and extensive use of amphetamine pills but never reveals when such abuse occurred. For this reason alone, we must conclude the hospital records are not relevant and material and fail to support appellees' attempt to show Vickery suffered from a drug habit at the time of the accident; that being so, the records were unquestionably prejudicial upon their admission into evidence.

Regarding the appellants' sufficiency-of-evidence argument, we most recently had the opportunity to review an award of punitive damages and the type or quantum of proof that is necessary to support such an award. *See National By-Products, Inc.* v. *Searcy House Moving Co.,* 292 Ark. 491, 731 S.W.2d 194 (1987). There, this court reviewed our settled law pertaining to punitive damages. We stated that such damages are justified only when it is shown the negligent party knew, or had reason to believe, that his act of negligence was about to inflict injury, and that he continued in his course with a conscious indifference to the consequences, from which malice may be inferred. Although the appellants were clearly negligent in the instant case, the evidence

falls short of the proof to show the willfullness or conscious indifference necessary to support an award of punitive damages. We should first note that the state trooper, James P. Baker, who investigated the accident, requested a blood alcohol test of the people involved in the accident. Baker testified that the test results reflected .000 on all of the parties, including Vickery; he related the drug screen of Vickery was negative, as well. The trooper said that he observed nothing to indicate that either alcohol or drugs played any part in causing the accident. Vickery denied the use of drugs prior to the time of the accident except some over-the-counter caffeine pills.

Aside from the appellees' failed attempt to show Vickery's connection with and use of drugs at the time of the accident, the record reflects Vickery's fault was a result of a substantial case of negligence. When viewing the relevant and admissible evidence in appellees' favor, the record shows that Vickery was aware, prior to the accident, of the dangers and treacherousness of Highway 71 north of Alma. Only minutes prior to the collision, another trucker had warned Vickery about Highway 71, telling him to "be alert" as it is a "rough old highway." When Vickery left Alma in his 18-wheeler, it was misting and the road was slick. He admitted having seen a warning sign with 20 miles per hour on it, and said he "backed her (the truck) down" to 20 or 21 miles per hour. Trooper Baker's opinion was that Vickery's truck was going at least 30 miles per hour at the time of impact and that the truck was going too fast for conditions. Baker said the truck was in the other or wrong lane when the impact occurred and the slide marks made by the truck measured 84 feet.

As previously stated, the evidence in this cause—even when viewed in the light most favorable to the appellees—cannot sustain an award of punitive damages. Therefore, the trial court's judgment must be modified accordingly.

Affirmed as modified.

HICKMAN, J., concurs and would not decide the first issue.