Kathy PORTWOOD, Administratrix of
the Estate of Timothy
Haynes, Petitioner,

v.

COPPER VALLEY ELECTRIC
ASSOCIATION, INC.,
Respondent.

No. S–3133.

Supreme Court of Alaska.

Jan. 12, 1990.

Bernard P. Kelly and Paul Cossman, Bernard P. Kelly & Associates, Anchorage, for petitioner.

James M. Bendell and Terry Venneberg, James M. Bendell & Associates, Anchorage, for respondent.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

OPINION

COMPTON, Justice.

This petition for review presents the question whether punitive damages are recoverable in a wrongful death action when the decedent is not survived by a spouse, child or other dependents. The superior court ruled that the decedent's estate could not recover punitive damages. We reverse and remand.

I. FACTUAL AND PROCEDURAL BACKGROUND.

The material facts in this case are not in dispute. In 1985, Timothy Haynes was fatally electrocuted while salvaging wood from downed utility poles. Haynes was seventeen years old and was not survived by a spouse, children, or other dependents.

The utility poles were erected in 1975 by the Copper Valley Electric Authority (CVEA), which owned and maintained the poles and related equipment. The power supply to the poles was purportedly discontinued in 1979; however, at the time of the accident the poles were in fact energized by an underground service line.

Following the fatal accident, Kathy Portwood, the decedent's mother, filed a wrongful death claim on behalf of Haynes' estate. Among other things, the estate sought to recover punitive damages from CVEA.

CVEA moved to preclude the estate from recovering punitive damages. The superior court ruled that the estate could not recover punitive damages because Haynes died without statutory beneficiaries.

The estate petitioned for review. We granted review, Appellate Rule 401, and ordered full briefing.

II. PUNITIVE DAMAGES ARE RECOVERABLE IN A WRONGFUL DEATH ACTION WHEN THE DECEDENT IS NOT SURVIVED BY A SPOUSE, CHILDREN OR OTHER DEPENDENTS.

Portwood argues that punitive damages are recoverable in wrongful death actions whether or not the decedent is survived by statutory beneficiaries. CVEA contends that punitive damages are not recoverable because the wrongful death statute expressly limits the estate's recovery to pecuniary loss.

Whether the estate may recover punitive damages is a question of law upon which

we will exercise our independent judgment. *Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979). We will "adopt the rule of law that is most persuasive in light of precedent, reason, and policy." *Id.*

When a person dies as a result of the wrongful act or omission of a third person, the decedent's personal representative may sue the third person for wrongful death. AS 09.55.580(a).[1] Recoverable damages are those that the trier of fact considers "fair and just," *id.;* they must be the "natural and proximate consequence" of the wrongful act, AS 09.55.580(b).[2] When the decedent is not survived by statutory beneficiaries, "the amount recovered ... shall be limited to pecuniary loss." AS 09.55.-580(a). We have defined pecuniary loss as "the probable value of the deceased's estate had he not prematurely expired less the actual value of the estate at death." *Osborne v. Russell,* 669 P.2d 550, 560 (Alaska 1983).

In *Tommy's Elbow Room v. Kavorkian,* 727 P.2d 1038, 1048–49 (Alaska 1986), we addressed the question whether punitive damages were recoverable under the wrongful death statute. Two wrongful death claims were asserted. The first claim was asserted on behalf of the estate of Marie Kavorkian, who was survived by her husband and daughter. *Id.* at 1045 n.

11. The second claim was asserted by t... estate of Tonya Brantingham, who died without statutory beneficiaries. *Id.* We ruled that punitive damages were recoverable under AS 09.55.580(a). *Id.* at 1048. We stated:

> The precise issue we face is whether the language of the statute providing that the court or jury should award the damages it "may consider fair and just" allows a claim for punitive damages. We hold that it does when there is clear evidence that the wrongdoer acted maliciously, fraudulently, or with a wanton disregard for the decedent's safety.

In Alaska, punitive damages are not favored in law. They are to be allowed only with caution and within narrow limits. We have stated, however, that although an action for wrongful death is statutory, we have found no legislative intent to treat it differently than common law tort actions. The incongruous result of treating wrongful death actions differently than common law tort actions with respect to awarding punitive damages has been the basis of several courts' decisions on this issue. It is unlikely that a legislature would intend that a person injured by a negligent defendant may recover punitive damages, but that the

---

1. AS 09.55.580(a) (emphasis added) provides in part:

   [W]hen the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had the person lived, against the latter for an injury done by the same act or omission. The action shall be commenced within two years after the death, and the damages therein shall be the damages the court or jury may consider fair and just. The amount recovered, if any, shall be exclusively for the benefit of the decedent's spouse and children when the decedent is survived by a spouse or children, or other dependents. *When the decedent is survived by no spouse or children or other dependents, the amount recovered shall be administered as other personal property of the decedent but shall be limited to pecuniary loss.*

2. The wrongful death provision offers the following guidance to assess the amount of damages:

   In fixing the amount of damages to be awarded under this section, the court or jury shall consider all the facts and circumstances and from them fix the award at a sum which will fairly compensate for the injury resulting from the death. In determining the amount of the award, the court or jury shall consider but is not limited to the following:

   (1) deprivation of the expectation of pecuniary benefits to the beneficiary or beneficiaries, without regard to age thereof, that would have resulted from the continued life of the deceased and without regard to probable accumulations of what the deceased may have saved during the lifetime of the deceased;

   (2) loss of contributions for support;

   (3) loss of assistance or services irrespective of age or relationship of decedent to the beneficiary or beneficiaries;

   (4) loss of consortium;

   (5) loss of prospective training and education;

   (6) medical and funeral expenses.

   AS 09.55.580(c).

estate of one killed by such a person may not, when the purpose of awarding punitive damages is deterrence. "The nature and quality of the wrongful act should dictate whether its perpetrator should be compelled to respond in more than compensatory damages—not the fortuitous circumstances whether he happens to injure or kill his victim."

*Id.* (citations omitted). We concluded that punitive damages may be awarded in a wrongful death claim where a wrongdoer acted outrageously or with reckless indifference to the interests of the decedent, whether or not the decedent is survived by statutory beneficiaries. *Id.* at 1049.

Contrary to the decision in *Kavorkian,* the superior court concluded that a decedent who dies without statutory beneficiaries is not entitled to recover punitive damages because AS 09.55.580(a) limits recovery to "pecuniary loss." We did not specifically discuss the effect of this language in *Kavorkian.*

The question whether punitive damages are recoverable in a wrongful death action depends on the language in the statute. Restatement (Second) of Torts § 925 & comment c (1979). Most states do not permit punitive damage awards, *id.;* W. Keeton, D. Dobbs, R. Keeton, D. Owen, *The Law of Torts* § 127, at 951 (5th ed.1984), often because the wrongful death statute limits recovery to pecuniary loss.[3] However, a respectable minority of courts permit recovery of punitive damages under a rationale similar to that in *Kavorkian.*[4]

We conclude that the pecuniary loss limitation is directed to the measure of compensatory damages recoverable when a person dies without statutory beneficiaries. An award of punitive damages is intended to punish and deter the tortfeasor, not to compensate the victim. Because punitive damages are not compensatory they are not subject to the pecuniary loss limitation. The focus is on the conduct of the tortfeasor, not the nature and extent of the resulting injury. Given the deterrent purpose of a punitive damage award, we believe that the *Kavorkian* decision represents the better-reasoned approach. Therefore, we hold that the estate of a decedent who dies without statutory beneficiaries is entitled to seek punitive damages.

The decision of the superior court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

3. *Bergen v. F/V St. Patrick,* 816 F.2d 1345, 1348–50 (9th Cir.1987) (punitive damages are non-pecuniary damages unavailable to estates under the Death on the High Seas Act); *Huff v. White Motor Corp.,* 609 F.2d 286 (7th Cir.1979) (Indiana law) (surviving spouse cannot recover punitive damages under statute intended to compensate claimants for pecuniary loss resulting from wrongful death); *Benson v. Lynch,* 404 F.Supp. 8, 10–11 (D.Del.1975) (surviving spouse not entitled to punitive damages under wrongful death act limiting recovery to pecuniary loss; estate not entitled to punitive damages under survival statute where no compensatory award for pain and suffering); *Jones v. Hildebrant,* 191 Colo. 1, 550 P.2d 339, 341–42 (1976) (en banc) (statute limiting recovery to "net pecuniary loss" precludes recovery of punitive damages); *Andis v. Hawkins,* 489 N.E.2d 78 (Ind.App.1986) (punitive damages not recoverable under act limiting recovery to pecuniary loss); *Eisert v. Greenberg Roofing & Sheet Metal Co.,* 314 N.W.2d 226, 228 (Minn.1982) (limitation of damages to pecuniary loss precludes recovery of punitive damages by decedent's estate); *Maynor v. Townsend,* 2 N.C.App. 19, 162 S.E.2d 677, 679 (1968) (same; decedent survived by spouse and five children); *Rubeck v. Huffman,* 54 Ohio St.2d 20, 374 N.E.2d 411, 413–14 (1978) (survivors may not recover punitive damages because wrongful death statute limits recovery to pecuniary loss; however, estate may recover punitive damages under the survival statute).

4. *E.g., Vickery v. Ballentine,* 293 Ark. 54, 732 S.W.2d 160 (1987) (statutory beneficiaries may collect punitive damages); *Gavica v. Hanson,* 101 Idaho 58, 608 P.2d 861 (1980) (punitive damages recoverable under statute authorizing damage awards which are "just"); *Behrens v. Raleigh Hills Hosp.,* 675 P.2d 1179, 1186 (Utah 1983) (noting that the statute did *not* limit recovery to pecuniary loss).